STROTHER ET AL., APPELLANTS, *v.*
HUTCHINSON, D.B.A. NOAH'S SUNOCO, ET AL., APPELLEES.

[Cite as Strother v. Hutchinson (1981), 67 Ohio St. 2d 282.]

(No. 80-1088—Decided July 22, 1981.)

284

Mr. Jack W. Abel, for appellants.
Messrs. Payne & Payne and Mr. William S. Derkin, for appellees.

Per Curiam.   The primary issue presented in this case is whether the trial court properly directed a verdict in favor of defendants at the close of plaintiffs' case in chief.

When considering a motion for a directed verdict, a trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. Civ. R. 50(A)(4) provides that:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

The law in Ohio regarding directed verdicts is well formulated. In addition to Civ. R. 50(A), it is well established that the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion. Durham v. Warner Elevator Mfg. Co. (1956), 166 Ohio St. 31. Thus, "if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclu-

sions, the motion must be denied. *Kellerman* v. *J. S. Durig Co.* (1964), 176 Ohio St. 320 * * * ." *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114, 115.

To entitle the plaintiff in a personal injury suit to have his case submitted to a jury, it is necessary that the plaintiff produce some evidence upon every element essential to establish liability, or produce evidence of a fact upon which a reasonable inference may be predicated to support such element. *Penter* v. *Schwartz* (1949), 85 Ohio App. 477, 481-482. Thus, in order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom. *Feldman* v. *Howard* (1967), 10 Ohio St. 2d 189, 193. As such, this court must first consider whether the defendants were negligent and breached a duty of care owed to the plaintiffs when defendant Floyd Binder shot at the robbers who were fleeing from the gas station owned by defendant Noah Hutchinson.

"The amount of care required of a person to establish whether he has discharged his duty to another is variously referred to as the 'amount of caution,' the 'degree of care' or the 'standard of conduct' which an ordinarily careful and prudent person would exercise or observe under the same or similar circumstances." *Di Gildo* v. *Caponi* (1969), 18 Ohio St. 2d 125, 127. See, also, *Thompson* v. *Ohio Fuel Gas Co.* (1967), 9 Ohio St. 2d 116; *Eisenhuth* v. *Moneyhon* (1954), 161 Ohio St. 367; *Soltz* v. *Colony Recreation Center* (1949), 151 Ohio St. 503; *Johnson* v. *Wagner Provision Co.* (1943), 141 Ohio St. 584; *Davison* v. *Flowers* (1930), 123 Ohio St. 89; Prosser on Torts (3 Ed.) 146, Section 30; 2 Restatement of Torts 2d 4, Section 281.

Appellants argue that defendant Binder failed to discharge his duty to another in that his conduct was excessive and without due regard for the safety of others. They alleged that Binder's conduct was negligent *per se* and in all other ways negligent. The appellees, on the other hand, question whether Binder was justified in shooting at the fleeing robbers.

In essence, both parties raise the issue of whether Binder was privileged to fire gunshots at the robbers in defense of person or property. The general rule, as stated in 1 Restate-

ment of Torts 2d 128, Section 75, is that "[a]n act which is privileged for the purpose of protecting the actor from a harmful or offensive contact or other invasion of his interests of personality subjects the actor to liability to a third person for any harm unintentionally done to him only if the actor realizes or should realize that his act creates an unreasonable risk of causing such harm."

If Binder was not privileged to fire shots at the robbers, then his actions would be judged by whether a reasonably prudent and careful person, under the same or similar circumstances, should have anticipated that injury to the plaintiff or to those in a like situation would probably result. *Gedeon* v. *East Ohio Gas Co.* (1934), 128 Ohio St. 335.

Thus, in order for Binder's act of shooting at the fleeing robbers to have been privileged, as a matter of law, it would have to be clear that he was acting in defense of his person or property. Evidence was presented to refute this position. For example, evidence was presented that at the time of the shooting, the robbers were in the process of fleeing the station. There is no evidence that the robbers were firing shots at Binder as they were leaving or that Binder had any reason to believe the robbers intended to inflict any harm on him.

Sufficient evidence was thus presented to raise an issue as to the standard of care required of Binder. In *Di Egidio* v. *Kealy* (Ohio App. 1959), 162 N.E. 2d 171, 173, it was held that "[i]ssues in a negligence case should be withdrawn from a jury in only exceptional cases and never when the facts concerning the conduct of the parties as well as the standard of care that should be exercised are to be determined." Since the standard of care needed to be determined in this case, a directed verdict should not have been granted on this basis.

This court must next determine, based on the evidence presented, whether reasonable minds could differ on the questions of whether plaintiff's injuries were proximately caused by defendant's negligent act of shooting at the fleeing vehicle and whether said injuries were a foreseeable consequence of defendant's acts.

It is well settled that in order for a person to be entitled to recover in damages for a claimed negligent injury, the act complained of must be the direct and proximate cause of the in-

jury. See, *e.g., Ross* v. *Nutt* (1964), 177 Ohio St. 113, 114. *Miller* v. *Baltimore & Ohio Southwestern Rd. Co.* (1908), 78 Ohio St. 309. In *Clinger* v. *Duncan* (1957), 166 Ohio St. 217, 223, this court addressed this issue and stated that "[t]he term 'proximate cause,' is often difficult of exact definition as applied to the facts of a particular case. However, it is generally true that, where an original act is wrongful or negligent and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act to cause injury does not relieve the initial offender from liability." One is thus liable for the natural and probable consequences of his negligent acts. *Foss-Schneider Brewing Co.* v. *Ulland* (1918), 97 Ohio St. 210.

"To find that an injury was the natural and probable consequence of an act, it must appear that the injury complained of could have been foreseen or reasonably anticipated from the alleged negligent act. As is said in *Miller* v. *Baltimore & Ohio Southwestern Rd. Co.,* 78 Ohio St. 309, at page 325, '[t]he rule is elementary, that a defendant in an action for negligence can be held to respond in damages only for the immediate and proximate result of the negligent act complained of, and in determining what is direct or proximate cause, the rule requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act." See *Ross* v. *Nutt, supra,* at page 114. Thus, a reasonable foreseeability of injury is considered an element of proximate cause.

The law of foreseeability, as announced in *Neff Lumber Co.* v. *First National Bank* (1930), 122 Ohio St. 302, 309, and followed in *Mudrich* v. *Standard Oil Co.* (1950), 153 Ohio St. 31, 39, is as follows: "***It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in injury to someone." It has also been held that "[i]f an event causing injury appears to have been closely related to the danger created by the original conduct, it is regarded as within the scope of the risk, even

though, strictly speaking, the particular injury would not have been expected by a reasonable man in the actor's place. 2 Restatement of the Law, Torts, 2d, 7, Elements of a Cause of Action for Negligence, Section 281, Comment g." *Di Gildo* v. *Caponi, supra,* at page 130.

Applying the above stated principles to the facts of this case, this court finds that reasonable minds could have found that Binder's shooting into the fleeing car was a proximate cause of appellant's injuries. Evidence was presented that Binder fired shots at the robbers as the vehicle was about to enter a major thoroughfare; that one or more of the bullets fired by Binder struck and mortally injured the driver of the robbery vehicle; and that the driver of the robbery vehicle lost control of the vehicle and collided head on into a vehicle driven by appellant.

Reasonable minds could have found it foreseeable that a .45-caliber bullet would cause death or severe injury should it strike someone. Reasonable minds also could have found it foreseeable that if the bullet struck its target, *i.e.,* the individual operating a motor vehicle about to enter a major thoroughfare, the individual would not be able to retain control of the vehicle and that a crash or collision could occur.

"Ordinarily, the existence of both negligence and proximate cause are, in a jury trial, questions of fact for the determination of the jury under proper instructions from the court; * * *." *Clinger* v. *Duncan, supra,* at page 223. Construing the evidence most strongly in favor of the plaintiffs-appellants, this court finds that reasonable minds might well have arrived at different conclusions upon the issues of negligence and proximate cause, and therefore they were questions of fact for the jury.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause remanded to the trial court for further proceedings.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C. J., W. BROWN, P. BROWN and C. BROWN, JJ., concur.

SWEENEY, LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I dissent from the majority herein for a number of rather basic reasons. First, I believe that Floyd Binder, the gasoline station employee, was privileged to fire gunshots at the fleeing robbers who were carrying away the money of his employer. He, as in the same instance of the employer he represented, had a real and basic interest in that which transpired upon the station premises. Here, such interests had been seriously invaded, and the right and privilege to guard and protect such interests must be legally recognized with certain limitations. The limitation is that such person may not act beyond a point where his act creates an unreasonable risk of causing harm to others, 1 Restatement of Torts (2d), Section 75.

Where such a privilege exists, as here, the actor is not held to the more restrictive standard generally applicable in the consideration of the existence of negligence in the acts of one who is not favored with the limited privilege to act under the circumstances.

Second, regardless of whether Binder would, under the facts presented, be privileged to fire shots at the fleeing robbers, the issues of foreseeability and proximate cause must be satisfactorily met. I am in disagreement with the majority here that it could be reasonably foreseeable by Binder that his firing shots at the fleeing robbers would occasion a head-on collision with another automobile one block down the street.

In reviewing the facts before the trial court upon the Civ. R. 50(A)(4) motion, the Court of Appeals stated as follows in its decision:

"For purposes of determining the merits of a motion for a directed verdict, the facts are clear and simple. However, the facts raise a question of first impression. We find that injury to Strother was not a probable consequence of Binder's firing three shots at the occupants of the fleeing vehicle. The vehicle was still on the gas station lot. It was after 11:00 p.m. There was no evidence that there were any persons or vehicles in the vicinity of the getaway car when Binder fired. The risk of physical injury created by Binder's actions were to the three robbers under the facts presented; Mr. Strother was outside the zone of risk as he was several blocks away from Noah's Sunoco when the shooting occurred. It was not a probable con-

290

sequence of Binder's firing the shots on the station premises that Strother would be injured in a collision with an intended victim after that injured victim had left the scene of the shooting and was several hundred feet away."

I am in complete agreement with this conclusion of the Court of Appeals, and would accordingly affirm the judgment of that court.

SWEENEY and LOCHER, JJ., concur in the foregoing dissenting opinion.