ANDERSON, APPELLANT, *v.* U.S.
GYPSUM COMPANY, APPELLEE.

(No. 3794—Decided
September 30, 1987.)

*Northeast Ohio Legal Services* and
*Staughton Lynd,* for appellant.

*Hoppe, Frey, Hewitt & Milligan,
William R. Hewitt, Keck, Mahin &
Cate* and *Michael R. Flaherty,* for appellee.

RIGGS, J. This is an accelerated calendar case involving an appeal from the judgment of the Trumbull County Court of Common Pleas dismissing appellant's complaint against appellee.

Plaintiff-appellant Kirk D. Anderson was hired by defendant-appellee U.S. Gypsum Company in April 1978, to work in the company's Warren, Ohio plant. In June 1981, the union that represented the employees at the plant went on strike. The strike ended in December 1981.

Appellee hired replacement employees during the strike, and at the end of the strike, appellant was not recalled to work but was given a preferential recall status. Pursuant to the National Labor Relations Act ("NLRA") (Section 151 *et seq.,* Title 29, U.S. Code), appellant and other union members who had been on strike had to be called back to work before appellee could hire off the street.

In April 1984, Tim Ryan, the personnel director at the appellee's plant, telephoned appellant and told him to come to the plant to take a pre-employment physical examination. Appellant picked up the necessary forms and went to Dr. C. M. Venetta for a return-to-work physical, on April 2, 1984. During the physical examination, appellant submitted a urine specimen.

Appellant's urine specimen was taken to St. Joseph's Hospital in Warren, which in turn sent the specimen to Roche Biomedical Laboratories in Columbus. Appellant's urine tested positive for cannabinoids (marijuana). The Roche report bears the following language:

"This screening test was performed by immunoassay. A positive result indicates immunoreactivity with cannabinoid(s) and has been verified by repeat testing. However, confirmation of a positive result requires GC/MS

analysis: this is available upon separate request and at an additional charge."

Appellant was not hired back to work, and he believed that the reason he was not hired was because of his previous participation in the strike. He eventually filed a charge with the National Labor Relations Board ("NLRB"). The NLRB conducted an investigation and informed appellant that he had not been hired back because his physical examination had included a drug-screening test and he had failed such test. The NLRB dismissed appellant's charge.

On March 27, 1986, appellant filed a complaint against appellee in the Trumbull County Court of Common Pleas. In his complaint, appellant asserted three causes of action: negligent performance; invasion of privacy; and wrongful discharge.

On May 29, 1986, appellee filed a motion to dismiss. On August 26, 1986, the lower court dismissed the case, finding that jurisdiction of the matter was preempted by the NLRB per the NLRA. On September 24, 1986, appellant filed a notice of appeal.

Appellant presents the following two assignments of error:

"1. The court below committed error as a matter of law in holding that plaintiff-appellant's first cause of action was preempted by the National Labor Relations Act.

"2. The court below committed error as a matter of law in holding that plaintiff-appellant's first cause of action failed to state a cause of action."

Appellant argues, in his first assignment of error, that the lower court erred as a matter of law in holding that appellant's first cause of action was preempted by the NLRA. Appellant asserts that the test for determining whether a controversy is preempted by the NLRA is whether the controversy could have been presented to the NLRB, and that in

this case the controversy could not have been presented to the NLRB. Appellant's argument is not well-taken. For this assignment of error, this court largely adopts the reasoning in appellee's brief.

It is a well-settled principle of law that the NLRB has exclusive jurisdiction whenever a lawsuit complains of conduct arguably prohibited by the NLRA. In *San Diego Building Trades Council* v. *Garmon* (1959), 359 U.S. 236, the Supreme Court stated, at 245:

"'* * * When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."

In *Sears, Roebuck & Co.* v. *San Diego Cty. Dist. Council of Carpenters* (1978), 436 U.S. 180, the Supreme Court elaborated upon this principle of law by stating, at 197:

"The critical inquiry, therefore, is not whether the State is enforcing a law relating specifically to labor relations or one of general application but whether the controversy presented to the state court is identical to * * * or different from * * * that which could have been, but was not, presented to the Labor Board. For it is only in the former situation that a state court's exercise of jurisdiction necessarily involves a risk of interference with the unfair labor practice jurisdiction of the Board which the arguably prohibited branch of the Garmon doctrine was designed to avoid."

The Supreme Court of Ohio reiterated this point by quoting a portion of the above passage in *Bldrs. Assn.* v. *Commercial Piping Co.* (1982), 70 Ohio St. 2d 9, 11, 24 O.O. 3d 30, 31, 434 N.E. 2d 271, 272-273.

In the above action, "the controversy" presented to the NLRB in-

114

volved appellee's not rehiring appellant following appellant's strike activity. This is the same controversy on which appellant bases his claim in the instant action. Although appellant captions the causes of action in his complaint as negligent performance, invasion of privacy and wrongful discharge, each of the wrongs he alleges stems from appellee's refusal to rehire appellant. Thus, the *controversy* presented to the state court is identical to the one presented to the NLRB. For this reason, the lower court correctly dismissed this case because it lacked jurisdiction. Appellant's first assignment of error is overruled.

In his second assignment of error, appellant argues that the lower court erred in holding that Count I of his complaint failed to state a cause of action. Appellant asserts that Count I of his complaint set forth all the elements of a negligence claim, and that the lower court, subsequently, erred in dismissing his case. Appellant's argument is not well-taken.

Pursuant to the discussion relating to appellant's first assignment of error, the lower court did not have jurisdiction to hear appellant's case. It is therefore irrelevant that the lower court found that appellant's Count I failed to state a cause of action. Assuming, *arguendo,* that the lower court did have jurisdiction to hear this case, appellant did not establish "the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 285, 21 O.O. 3d 177, 179, 423 N.E. 2d 467, 469. Appellee owed no duty to appellant under Ohio law relating to the allegations of Count I of his complaint. For these reasons, appellant's second assignment of error is not well-taken.

As appellant's assignments of error are not well-taken, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

O'NEILL, P.J., and HOFSTETTER, J., concur.

JOSEPH E. O'NEILL, J., of the Seventh Appellate District, EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, and ROLAND W. RIGGS II, J., retired, of the Washington County Court of Common Pleas, sitting by assignment.