## SHUNKWILER, Admr.
### v.
## OHIO DEPARTMENT OF TRANSPORTATION.

Court of Claims of Ohio.

No. 91–07011.

Decided Dec. 7, 1992.

*David M. Deutsch,* for plaintiff.

*Lee Fisher,* Attorney General, and *Teri Jo Ravetto,* Assistant Attorney General, for defendant.

---

FRED J. SHOEMAKER, Judge.

On October 15, 1988, plaintiff's decedent, Dirk Shunkwiler, was drinking alcoholic beverages at the Hot Air Balloon, a tavern located at the corner of Interstate 75 ("I–75") and State Route 40 ("S.R. 40"). Mr. Shunkwiler was offered a ride home by Steven Kistler, but he refused, telling Kistler he wanted to go across the highway (S.R. 40) to Bruno's, another drinking establishment. At the time, Mr. Shunkwiler was boisterous, obnoxious, and intoxicated.

Later, at approximately 8:35 p.m., Mr. Shunkwiler left the Hot Air Balloon establishment, probably to go to Bruno's, and was observed staggering as he walked generally south across S.R. 40 in the area where S.R. 40 intersects with the exit and entrance ramps of I–75. There was a traffic light for vehicular movement on and off the entrance and exit ramps of I–75 in the area where Mr. Shunkwiler was crossing. However, Mr. Shunkwiler was not crossing from corner to corner at the traffic light. Rather, he was crossing diagonally in the vicinity of the light. Mr. Shunkwiler was struck by a car in the middle of the eastbound lanes of S.R. 40. He suffered serious injuries and remained comatose until his death one year later.

Plaintiff, Donna Shunkwiler, administrator, alleges in her complaint that defendant's negligence created a nuisance. Plaintiff asserts that defendant was negligent by not having the signal timed long enough to allow pedestrians to cross the intersection. In the alternative, plaintiff asserts that if pedestrians were prohibited from crossing at this intersection, then defendant was negligent in failing to post signs indicating that pedestrian crossing was prohibited.

Assuming that the proximate cause of decedent's injuries was not his own actions, plaintiff must prove the nuisance alleged. To constitute a nuisance, the thing or act complained of must either cause injury to the property of another, obstruct the reasonable use or enjoyment of such property, or cause physical discomfort to such person. *Dorrow v. Kendrick* (1987), 30 Ohio Misc.2d 40, 30 OBR 481, 508 N.E.2d 684. Although nuisance and negligence are distinct torts, the acts complained of in the case at bar would be categorized as a qualified nuisance, requiring proof of negligence. *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 28 O.O. 369, 55 N.E.2d 724. To prove negligence, plaintiff must prove by a preponderance of the evidence the existence of a duty, the breach of that duty, and injury resulting proximately therefrom. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

Defendant has a duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Dept. of Transp.* (1976), 49 Ohio App.2d 335, 3 O.O.3d 413, 361 N.E.2d 486. In conforming to this duty, defendant is required to adopt and utilize a manual with specifications for a uniform system of traffic control devices. R.C. 4511.09. Traffic control devices are defined as "signs, signals, markings, and devices placed or erected * * * for the purpose of regulating, warning, or guiding traffic * * *." R.C. 4511.01. The placement and maintenance of traffic control devices are governed by R.C. 4511.10, which provides that "[t]he department of transportation may place and maintain traffic control devices, conforming to its manual and specifications, upon all state highways as are necessary * * *." Defendant has adopted and currently utilizes the "Ohio Manual of Uniform Traffic Control Devices for Streets and Highways" ("Manual"), which provides the standard by which defendant is to act when using signs to maintain its highways in a reasonably safe condition. *Woods v. Beavercreek* (1989), 62 Ohio App.3d 468, 575 N.E.2d 1219 (citing *State ex rel. Ohio Motorists Assn. v. Masten* [1982], 8 Ohio App.3d 123, 8 OBR 179, 456 N.E.2d 567).

Section 6C–2 of the Manual provides in part that "an investigation of the need for traffic signal control should include, where applicable, at least an analysis of the factors contained in the following warrants."

Section 6C–5 sets forth Warrant # 3–Minimum Pedestrian Volume, which includes the standards to determine if a minimum pedestrian volume exists. Testimony indicated pedestrians rarely crossed at the location of this accident, because there was nothing on the other side of the road except a ramp from I–75. The court finds that defendant made a discretionary decision as to whether minimum pedestrian traffic existed requiring the signal to be timed for pedestrian traffic, and this decision is immune from attack.

The court further finds defendant did comply with the Manual, since there was a marked pedestrian crosswalk several hundred feet west of the intersection at issue and nothing warranted placing a pedestrian crosswalk at this location.

Plaintiff's assertion that defendant should have posted a "no pedestrian crossing" sign is without merit. Defendant is empowered and required to place signs where necessary, and signage must be in compliance with the Manual. *Dunn v. Ohio Dept. of Transp.* (Jan. 18, 1992), Ct. of Cl. No. 90–07280, unreported. Section 2L–2 of the Manual provides:

"Pedestrian Crossing signs *may* be used to supplement traffic-signal control, or to aid in limiting pedestrian crossing to safe places. They will ordinarily be required only in urban areas or at signalized intersections. Pedestrian Crossing signs shall be erected to face the pedestrian who are about to cross the roadway." (Emphasis added.)

Thus, it is not mandatory but discretionary as to where defendant should place a "no pedestrian crossing" sign. Defendant chose not to place a "no pedestrian crossing" sign at this location and the court finds this was a reasonably discretionary decision. Therefore, plaintiff has failed to prove by a preponderance of the evidence any breach of duty establishing negligence constituting a nuisance.

■ Ohio's comparative negligence statute, R.C. 2315.19, bars plaintiff from recovery if decedent's own actions were a greater cause (more than fifty percent) of his injuries than any acts of defendant. Even assuming defendant was negligent, decedent's own negligent acts exceeded fifty percent of total negligence. Testimony proved that decedent was intoxicated. R.C. 4511.481 provides: "A pedestrian who is under the influence of alcohol or any drug of abuse, or any combination thereof, to a degree which renders himself a hazard shall not walk or be upon a highway." The court finds decedent was intoxicated to a degree to render himself a hazard in violation of a statute constituting negligence *per se.* Further, decedent was crossing diagonally in the vicinity of the traffic light and, therefore, decedent's own acts were the proximate cause of his injuries.

Decedent also had the opportunity of walking several hundred feet and crossing at a designated crosswalk. All of these factors prove decedent was negligent and failed to look out after his own well-being. Judgment is rendered in favor of defendant.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.