**KRAMER**

v.

**SOUTHERN OHIO CORRECTIONAL FACILITY.**

Court of Claims of Ohio.

No. 93–06951–AD.

Decided Oct. 15, 1993.

*Irvin F. Kramer, Jr., pro se.*

*Gregory C. Trout,* Chief Counsel, Department of Rehabilitation and Correction, for defendant.

———

DANIEL R. BORCHERT, Deputy Clerk.

THE COURT FINDS THAT:

1. On April 11, 1993, inmates housed in L–Block of defendant Southern Ohio Correctional Facility initiated an insurrection and forcibly controlled the L–Block area for a period of eleven days. The inmates occupying L–Block surrendered and relinquished control of the facility on April 21, 1993;

2. Plaintiff, Irvin F. Kramer, Jr., an inmate housed in L–Block, has alleged that on April 14, 1993, several unidentified inmates intentionally destroyed his personal property. Plaintiff has consequently filed this complaint, seeking to recover $833.25, the estimated value of his destroyed personal property.

THE COURT CONCLUDES THAT:

█ 1. In order to recover in a negligence action, the plaintiff must prove the defendant owed him a duty, the breach of the duty, and damages resulting proximately therefrom. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

2. This court in *Mullett v. Dept. of Corr.* (1976), Ct. of Cl. No. 76–0292–AD, unreported, held that the defendant does not have the liability of an insurer (*i.e.,* is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

█ 3. Defendant is not responsible for the actions of other inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. S. Ohio Correctional Facility* (1978), Ct. of Cl. No. 78–0217–AD, unreported. Plaintiff must show defendant breached a duty of ordinary and reasonable care. *Williams v. S. Ohio Correctional Facility* (1985), Ct. of Cl. No. 83–07091–AD, unreported.

█ 4. Liability for the intentional torts or criminal acts of third parties may exist where the defendant had knowledge of previous third-party acts and failed to take adequate measures to guard against foreseeable injuries. *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.* (1989), 45 Ohio St.3d 171, 543 N.E.2d 769. Therefore, in the instant claim, liability may attach to defendant only if plaintiff can prove defendant knew inmate insurrections and attendant destruction had occurred and were likely to recur without implementation of some deterrent measures.

5. This court has previously held in *Newberry v. Marion Correctional Inst.* (1986), Ct. of Cl. No. 85–09059–AD, unreported, that in order to exhibit a *prima facie* case of negligence, plaintiff must show that defendant knew a takeover was going to occur and acted negligently with regard to that information, or that during the takeover defendant failed to take reasonable steps to protect the inmates. Mere knowledge that riots occur in prisons is not enough to show liability. It must be specific knowledge that the particular incident was or is going to occur.

6. In the instant claim, plaintiff has failed to prove defendant had the requisite knowledge of impending insurrection to invoke liability. Furthermore, plaintiff has failed to show defendant breached any duty of care regarding his property damage. Consequently, this claim is denied.

Having considered all the evidence in the claim file and adopting the memorandum decision filed concurrently herewith,

IT IS ORDERED THAT:

1. Plaintiff's claim is denied and judgment is rendered in favor of defendant;

2. Costs for this case are assessed against the plaintiff.

*So ordered.*