## MANOS

v.

## OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 94–06334.

Decided May 11, 1995.

*Thomas G. Manos, pro se.*

*Betty D. Montgomery,* Attorney General, and *Kristen E. McKinley,* Assistant Attorney General, for defendant.

RUSSELL LEACH, Judge.

Trial commenced in the above-captioned matter on April 17, 1995, at the Hocking Correctional Facility ("HCF") in Nelsonville, Ohio. Plaintiff is an inmate in the custody and control of the Ohio Department of Rehabilitation and Correction pursuant to R.C. 5120.16. Plaintiff's complaint alleges that he has suffered "dire injury" to his health from exposure to environmental tobacco smoke ("ETS") while confined at HCF.

Plaintiff, a nonsmoker, shares his living area in the prison with eleven other inmates, eight of whom are tobacco smokers. This double-bunked living area is

approximately three-hundred and twenty square feet in area. Plaintiff contends that he suffers from tuberculosis, shortness of breath, and bloody phlegm. He attributes these ailments to his constant exposure to a saturated ETS environment. Plaintiff has not sought treatment for his disease or other maladies. In fact, plaintiff refused his annual physical examination in both 1994 and 1995.

The court construes plaintiff's complaint to be founded upon negligence even though the language of his complaint is couched in Eighth Amendment violations. In a claim predicated on negligence, the plaintiff has the burden of proving, by a preponderance of the evidence, the existence of a duty, the breach of that duty, and injury resulting proximately therefrom. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. The duty owed to an inmate in the context of the custodial relationship is one of reasonable care and protection from unreasonable risks. *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 537 N.E.2d 665.

This court finds that plaintiff has failed to prove by a preponderance of the evidence that defendant's conditions of confinement which expose him to ETS are a breach of the duty of reasonable care. The court recognizes that society harbors concern and awareness of the possible health hazards posed by ETS, but this taken alone is insufficient to establish plaintiff's burden.

Based upon the foregoing, the court concludes that plaintiff has failed to prove by a preponderance of the evidence that there is any actionable negligence for which defendant is liable. Accordingly, the court hereby renders judgment for the defendant and against plaintiff.

*Judgment for defendant.*