**SMITH**

v.

**OHIO DEPARTMENT OF YOUTH SERVICES et al.**

Court of Claims of Ohio.

No. 95–11943.

Decided April 16, 1997.

*Randall W. Pees,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *J. David Goodman,* Assistant Attorney General, for defendants.

LEACH, Judge.

In his complaint, plaintiff, Thomas W. Smith, alleges that defendant, Ohio Department of Youth Services, is responsible for injuries that he sustained as a result of a traffic accident that occurred on August 15, 1993. Defendant Office of Risk Management was added as a party on August 12, 1996. Defendants deny

any liability to plaintiff. The court held a trial on the sole issue of liability. Upon review, the court renders the following decision.

On the afternoon of Sunday, August 15, 1993, plaintiff was riding his brother's 1983 Honda motorcycle east on State Route 95 near milepost 1 in Richland County, Ohio. Defendant Department of Youth Services' employee, Rose M. Plank (f.k.a. Rose M. Gross), was also traveling east, directly in front of plaintiff, in a state-owned 1990 Dodge Ram van loaded with twelve juvenile inmates from the Mohican Youth Center. Another motorist, Madonna M. Mumper, was driving a vehicle, at approximately 45 m.p.h., directly in front of Plank and plaintiff in the eastbound lane of State Route 95.

From this point forward, plaintiff's and Plank's recollection of the events that occurred on that afternoon differ. Plaintiff maintains the following: that he was traveling between fifty to fifty-five m.p.h. when he came upon the van driven by Plank and the other automobile in front of her. He signaled as he began the process of passing the van. Before he could completely pass the van, Plank started to veer into his lane. He sounded his horn but was forced from the roadway. The fork and axle on the front of the motorcycle broke while he was traveling on the gravel surface of the berm, causing him to lose control of the motorcycle and throwing him in front of the moving van. Somehow the van avoided hitting him. He was then transported by an emergency squad to a hospital where he was treated for his injuries and where he gave a statement to a trooper of the Ohio State Highway Patrol.

Plank, on the other hand, described the events as follows: after following the car in front of her for several miles, she decided to pass the slower-moving vehicle. She signaled, checked all of the van's mirrors and began the process of passing the car in front of her. When the nose of her van was just past the other car, she noticed that a motorcycle was attempting to pass both her and the other car on the left-hand side of the van. She immediately applied the brakes. The driver of the motorcycle lost control on the gravel along the side of the roadway and continued until it wrecked in front of her van. She immediately slammed on the brakes and stopped the van off the left side of the roadway. She then waited for emergency personnel to respond to the accident scene.

Plaintiff's claim is based upon a theory of negligence. In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused injury to him. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. Plaintiff argues that Plank had a duty to operate her vehicle within the parameter set forth in R.C. 4511.01 *et seq.* and that she violated R.C. 4511.21(A), 4511.27(B), and 4511.39. In addressing plain-

tiff's claim, the court must determine the accuracy and veracity of the two primary witnesses' testimony.

The court is of the opinion that both plaintiff and Plank honestly testified about their recollection of the events that occurred on August 15, 1993. Nevertheless, plaintiff has the burden of proving by a greater weight of the evidence that the accident occurred in the manner in which he described in order to support his claim that Plank violated the various sections of the traffic code. Plaintiff has failed to meet that burden. Accordingly, judgment is rendered in favor of defendants.

*Judgment for defendants.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.