HUNT

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 95–11731.

Decided June 17, 1997.

*Arnold M. Isaacson,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Rosa P. Wright,* Assistant Attorney General, for defendant.

DEAN STRAUSBAUGH, Judge.

In her complaint, plaintiff, Lesa Hunt, alleges that defendant, Department of Rehabilitation and Correction ("ODRC"), negligently instructed and trained her to operate a snowblower, and that she was not provided with supervision while she was operating the snowblower. Plaintiff alleges that as a result, she inserted her hand in the chute in an attempt to unclog the snowblower, thereby causing her bodily injury.

On April 14, 1997, this action came before the court for trial on the sole issue of liability. The findings and conclusions herein are derived from the pleadings in the case file, evidence presented at trial, the respective presentations by counsel, and the proposed findings of fact and conclusions of law submitted by counsel.

At the time of the accident, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff arrived at Northeast Pre–Release Center towards the end of 1993. On January 23, 1995, plaintiff was operating a Gravely snowblower while working with the outside yard crew. Carl Jenkins was the corrections officer in charge of the yard crew. Plaintiff and fellow inmate, Claudia DeJesus, were assigned to clear the sidewalks of two streets with the snowblower. While plaintiff was operating the snowblower, the chute became clogged with snow. Plaintiff put the snowblower in neutral and turned the "Power Take Off" ("PTO") switch to the "off" position. The PTO switch shut down the blower. After visually inspecting the chute, plaintiff

inserted her hand inside the chute and began cleaning out the packed snow. As she was removing the snow, the machine caught plaintiff's gloved hand and started pulling it into the chute. Although her glove remained caught in the chute, and plaintiff was able to pull her hand out, her right index, middle and third fingers were partially severed.

Prior to her assignment on that day, plaintiff and DeJesus had been instructed by Officer Jenkins on how to operate the snowblower. The training session lasted approximately ten minutes. This was the first time that Officer Jenkins had trained anyone to operate the snowblower, in spite of the fact that he had no prior experience operating the snowblower. Although Officer Jenkins did not read the operator's manual, he had been trained one week prior to the accident by Woody Meyers, head of the maintenance department, who had instructed him that if the chute became clogged, to push the PTO switch in, turn the power switch off with the key, and clean out the snow with water or some device. Meyers cautioned against placing one's hand down the chute.

The court finds that Officer Jenkins, in good faith, believed that he had instructed plaintiff on all of the above. However, even if he did instruct plaintiff in this manner, there was insufficient emphasis placed on the importance of the safety instructions.

The court finds that plaintiff was under the impression that she needed only to push the PTO switch into the "off" position. Plaintiff did not consider the snowblower a dangerous machine and did not realize that there were moving parts that could still be spinning for a period of time after the snowblower was turned off. The court finds that plaintiff was not made aware that the engine should also be shut off prior to cleaning out packed snow and that she should never place her hand in the chute.

■ Plaintiff's claim sets forth a single cognizable action, sounding in negligence. In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469–470.

■ In the special relationship between the state and its prisoners, the state owes prisoners a duty of reasonable care and protection from unreasonable risks of harm. *Clemets v. Heston* (1985), 20 Ohio App.3d 132, 136, 20 OBR 166, 169–170, 485 N.E.2d 287, 291–292. Reasonable care is that which would be utilized by an ordinarily prudent person under certain circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O.2d 573, 209 N.E.2d 142. An inmate laborer, such as plaintiff in the case at bar, is not an employee of the state

for purposes of R.C. Chapter 4113. *Fondern v. Ohio Dept. of Rehab. & Corr.* (1977), 51 Ohio App.2d 180, 183–184, 5 O.O.3d 325, 327–328, 367 N.E.2d 901, 903–904. "[W]here a prisoner also performs labor for the state, the duty owed by the state must be defined in the context of those additional facts which characterize the particular work performed." *McCoy v. Engle* (1987), 42 Ohio App.3d 204, 208, 537 N.E.2d 665, 669.

The court finds that defendant owed plaintiff a duty to warn her of the potential risks associated with the operation of the snowblower. The court further finds that plaintiff received inadequate safety training concerning what actions to take in the event that the snowblower became clogged. The operation of the machine was relatively new to both plaintiff and Officer Jenkins. Therefore, plaintiff should have received more detailed and hands-on safety training with the snowblower. It is not unreasonable to expect that a new user of such a machine may believe that the blades would immediately shut off by putting the PTO switch in the "off" position, without being specifically warned also to turn the ignition switch to the "off" position and wait for the blades to stop. The court finds that defendant did not adequately instruct plaintiff on the proper operation of the snowblower, and defendant is therefore negligent, since it breached its duty of reasonable care to protect plaintiff from harm.

'Although the court finds that defendant was negligent, Ohio's comparative negligence statute, R.C. 2315.19, bars a plaintiff from recovery if his or her actions were a greater cause (more than fifty percent) of his injuries than any acts of defendant. In this case, the court finds that although plaintiff's own negligence was not a greater causative factor, it constituted forty percent of the cause of her injuries.

The court finds that plaintiff disregarded a potential hazard and failed to use common sense when she inserted her hand in the chute of the snowblower.

The court concludes that plaintiff has proven that defendant breached its duty of reasonable care; however, the contributory negligence attributable to plaintiff is forty percent. Judgment is hereby rendered for plaintiff. A trial on the issue of damages will be scheduled in the near future.

*Judgment accordingly.*

Judgment Entry

Filed January 26, 1998

On June 17, 1997, this court rendered judgment in favor of plaintiff on the sole issue of liability. However, the court found plaintiff to be forty percent contribu-

torily negligent. On December 5, 1997, this matter came to trial on the sole issue of damages.

The court finds that the total damages in this case amount to $18,000, which, when reduced by forty percent, the amount of negligence attributable to plaintiff, equals $10,800. Accordingly, judgment is rendered in favor of plaintiff in the amount of $10,800, which includes, but is not limited to, incurred medical expenses, lost earnings, pain and suffering, inability to perform usual activities, and emotional distress due to defendant's negligence. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.