DECISION AND JUDGMENT ENTRY
This matter is before the court upon the motion of appellee, James Thompson, who requests that we reconsider Assignment of Error Number 4 in our decision and judgment entry dated June 30, 1999. Appellee's motion is hereby granted.
Appellant argued in her fourth assignment of error that the trial court erred by granting summary judgment to appellee Thompson. The court held that Thompson was entitled to summary judgment in part because appellant's fall was caused by a natural accumulation of snow and ice. In response to appellant's argument that Thompson owed a duty to her and breached that duty, Thompson argued that appellant also lacked proof of proximate cause: that Thompson's alleged negligence was the cause of appellant's fall rather than the ice and snow. We found that Thompson had not argued that issue in the trial court and, therefore, could not argue it on appeal. However, upon further examination of the record, we find that Thompson did argue the issue in the trial court. Therefore, we will now address it on appeal. The court hereby issues this correction and notice of errata and orders that the opinion and judgment entry be amended and revised as follows: The first and second full paragraphs on page 14 are stricken and replaced with the following:
 Generally, the issue of proximate cause is a factual issue for a jury to determine; but, it can be resolved on summary judgment if there are no genuine issues of material fact, reasonable minds could come to but one conclusion when the evidence is viewed in favor of the non-moving party, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C) and Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 288. To establish proximate cause, the plaintiff must prove that his injuries were the natural and probable consequence of the negligent act. Id. at 287. The plaintiff must prove more than the fact that he was injured; he must prove that his injury was caused by some negligent act or omission by the defendant. J.C. Penny Co. v. Robison (1934), 128 Ohio St. 626, paragraph four of the syllabus. The injury must have been reasonably foreseeable: not that the defendant had to anticipate the particular injury that occurred, just that it could be reasonably anticipated that some type of injury/damage would occur from the negligent act. Strother, supra.
 In this case, Blanchard attested to the fact that the risers on the steps were of varying heights; that the stairs lacked some type of anti-skid material and a handrail; that the stairs were made of treated wood, which becomes more slippery than normal wood; and that the stairs were more slippery than could be anticipated would not be apparent to the observer. He also attested that Thompson violated good construction practices when he attached the steps to the house without correcting these defects.
 Construing the evidence in favor of appellant, we find that there is an issue of fact as to what caused appellant to fall. Therefore, summary judgment could not be granted to Thompson. Appellant's fourth assignment of error is well-taken.
It is so ordered.
 Peter M. Handwork, P.J. _______________________________ JUDGE Richard W. Knepper, J. _______________________________ JUDGE Mark L. Pietrykowski, J. _______________________________ JUDGE
CONCUR.