I would reverse on the issue of the necessity of expert testimony and direct a verdict in favor of the appellant.
For the reasons that follow, I respectfully dissent.
The issues in this case are whether expert testimony was required to establish the standard of care to be utilized by this pilot under similar conditions and circumstances and whether a breach, if indeed one did occur, proximately resulted in the plaintiffs' injuries. There are several questions in this case that remain unresolved. Specifically, it is unclear whether the report of occasional severe rime/mixed icing equated to known moderate icing conditions; whether the knowledge of rime ice along the flight path prohibited the pilot from taking off; whether the fact that the airplane had deicing equipment made a difference despite the absence of certification; and whether the failure of the deicing equipment was a contributing factor that could have led to the injuries. In addition to these issues, the pilot's decision to land at an airport eighteen miles away, in and of itself, warrants a more complete analysis: there is simply not enough information contained in the evidence presented to the jury to determine whether a reasonable pilot would have made the same decision. Testimony could establish that the decision to land in Clarion County was reasonable under the circumstances. Would a three-minute turn have been necessary to reach a closer airport? Was the Clarion airport approachable via a straight line, as opposed to a less direct approach to a closer airport?
Expert testimony is necessary when a matter is not within the comprehension of a layperson. Ramage v. Central Ohio EmergencyServ., Inc. (1992), 64 Ohio St.3d 97, 102. The cases cited by the majority for the proposition that expert testimony is not necessary to establish negligence in this case share a common theme: each involved the failure of pilots to use their own senses to perceive a risk. This case is distinguishable. As noted above, numerous issues outside the comprehension of a layperson remain unresolved in the absence of expert testimony by a pilot with similar certifications, including (1) the distinctions between rime ice, occasional rime ice, moderate icing, and severe icing; (2) the difference between compliance with Section 34 of Special Federal Aviation Regulation No. 23 and a transport category type certification; (3) the effect of the flight characteristics of a deicing boot failure on the aircraft; and (4) the effect of a three-minute turn required to reach the closest airport and the differences in relative approach patterns to the airports.
The majority cites several cases for the proposition that the FAA regulation, information manuals, and circulars "constitute evidence of the standard of care among all pilots." They also point out that the Ohio Supreme Court has concluded that a violation of an administrative rule does not constitute negligenceper se, but that evidence of such a violation may be admissible as evidence of negligence. The regulation itself has multiple parts, including an exception "for an airplane that has ice protection provisions that meet the requirements in Section 34 of Special Federal Aviation Regulation No. 23."
The majority acknowledges that in order to prove a case of negligence, a plaintiff must demonstrate the breach of a duty that proximately resulted in harm. The majority is also clear in stating that the standard of care to be used is the degree of care that a reasonable pilot would have exercised. The only other pilot with the same or similar rating, however, testified that the pilot's conduct was reasonable and prudent at all times. Recognizing that the jury could accept or reject this testimony, the only other evidence that even approaches a violation of a duty of care is the FAA regulation. Consequently, although the majority states that it does not address the issue of negligenceper se, it proceeds to the conclusion that the admission of Section 91.527, Title 14, CFR is conclusive evidence of a violation of the standard of care. This is the only conclusion that can fairly be drawn from the majority's analysis. It represents a leap that I cannot make and that a jury should not make without the assistance of expert opinion.
Civ.R. 50(A)(4) provides:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A motion for directed verdict tests the legal sufficiency of the evidence presented; accordingly, neither the weight of the evidence nor the credibility of witnesses may be properly considered. Cater v. Cleveland (1998), 83 Ohio St.3d 24, 33, citing Strother v. Hutchison (1981), 67 Ohio St.2d 282, 284. If substantial, competent evidence has been presented from which reasonable minds could draw different conclusions, the motion must be denied. Wagner v. Roche Laboratories, Inc. (1996), 77 Ohio St.3d 116,119. Because a directed verdict presents a question of law, this court reviews the trial court's judgment de novo. Hardy v. Gen.Motors Corp. (1998), 126 Ohio App.3d 455, 462, citing Howell v.Dayton Power Light Co. (1995), 102 Ohio App.3d 6, 13.
With respect to the exception noted above, expert testimony would clarify whether the plane's deicing boots complied with Section 34 despite the absence of certification and whether a violation of the standard of care, if any, occurred upon takeoff or when the pilot actually encountered icing. In addition, the connection between a potential breach of duty and the harm suffered is unclear. Assuming that a violation of the FAA regulation did occur, proximate cause cannot be established in the absence of expert testimony. The majority would conclude that, but for the takeoff, there would not have been ice on the wings to impair flight. Ice on the wings, however, may or may not bring down an aircraft. Once encountering ice, the pilot took steps to reach altitudes that would reduce or eliminate the ice. Was the pilot negligent by failing to do more? The deicing boot failed. The pilot sought and received information with respect to the location of the nearest airports. He did not choose the closest one. Was that negligence per se or could there have been reasons that a prudent pilot under similar circumstances would not choose the nearest airport?
The issues in this case clearly warrant testimony of an expert, even if only from a licensed pilot with the same ratings as the defendant in this case. The plaintiff failed to articulate adequately the standard of care owed by a reasonable and prudent pilot under the same circumstances. In addition, there was insufficient evidence as a matter of law to establish that any breach that may have occurred was the proximate result of the injuries. Accordingly, I would reverse the judgment of the trial court and direct a verdict in favor of the defendant.
CACIOPPO, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.