DECISION AND JUDGMENT ENTRY
This negligence action is before the court on accelerated appeal from a judgment of the Lucas County Court of Common Pleas, which granted the summary judgment motion of defendant-appellee, Kerry Katafiasz. Plaintiff-appellant, Dennis Barner, appeals that judgment and asserts the following error occurred in the proceedings below:
 "The Trial Court Erred to the Prejudice of the Plaintiff When it Granted Summary Judgment to Defendant, Kerry Katafiasz."
On September 19, 1998, appellant was riding his bicycle eastbound on Airport Highway when he reached the intersection of Airport Highway and Colima. Appellee, driving a vehicle heading northbound on Colima, was stopped next to the stop sign at the intersection. Appellant alleges that when he was approximately ten to fifteen feet in front of appellee's vehicle, the vehicle "lurched" forward about a foot, causing appellant to swerve his bicycle and fall. Appellant was injured as a result of the fall.
In his sole assignment of error, appellant maintains, as he did below, that the trial court erred in granting summary judgment to appellee because appellee owed him a "duty not to startle," and that duty is based on foreseeability.
In reviewing a motion for summary judgment, an appellate court employs the same standard as the trial court. Midwest Specialties,Inc. v. Firestone Co. (1988), 42 Ohio App.3d 6, 8. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C).
In order to establish a claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Strother v. Hutchinson
(1981), 67 Ohio St.2d 282, 285. While the scope and extent of a duty is a question of fact, the existence of such a duty is ordinarily a question of law. Mussivand v. David (1989),45 Ohio St.3d 314, 318. In the instant case, appellant asked the trial court, and now this court, to impose a new duty on the operator of a motor vehicle, that is, the "duty not to startle" those who pass in front of you when you are lawfully stopped at an intersection. This we cannot do. It is undisputed that appellee yielded the right-of-way by stopping her vehicle at the stop sign, some ten feet from the intersection, and that she never made contact with appellant or blocked his path. We find that it is not foreseeable that appellant would fall from his bicycle and injure himself as a result of the minimal movement, if any, of appellee's vehicle. Accordingly, the trial court did not err in granting summary judgment to appellee as a matter of law.
For these reasons, appellant's sole assignment of error is not well-taken, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant, Dennis Barner, is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
 MELVIN L. RESNICK, J., JUDGE, RICHARD W. KNEPPER, P.J., JUDGE,MARK L. PIETRYKOWSKI, J., JUDGE, CONCUR.