[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Plaintiff-appellant, Janet C. Longbons, filed a complaint alleging medical malpractice against defendants-appellants, David M. Tucker, M.D., and David M. Tucker, M.D., Inc. (collectively "Tucker"). In her sole assignment of error, she contends that the trial court erred in granting Tucker's motion for a directed verdict on that basis that she failed to prove that Tucker's alleged negligence was the proximate cause of her injuries. We agree.
{¶ 3} A court may grant a motion for a directed verdict under Civ.R. 50(A) if, after construing the evidence most strongly in favor of the party against whom the motion is made, it finds that reasonable minds could come to but one conclusion on any determinative issue and that conclusion is adverse to that party. Conversely, if reasonable minds could reach different conclusions on the evidence presented, the court should permit the case to go to the jury. Vance v. Consolidated RailCorp., 73 Ohio St.3d 222, 231, 1995-Ohio-134, 652 N.E.2d 776; White v.Ohio Dept. of Transp. (1990), 56 Ohio St.3d 39, 45, 564 N.E.2d 462. In ruling on a motion for a directed verdict, the court may not consider the weight of the evidence or the credibility of the witnesses. Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 284, 423 N.E.2d 467; Bucher v.Sibcy Cline, Inc. (2000), 137 Ohio App.3d 230, 237, 738 N.E.2d 435.
{¶ 4} In a medical malpractice case, the plaintiff must present expert testimony, stated in terms of probability, to prove that the defendant's negligence, more likely that not, caused the plaintiff's injuries. Roberts v. Ohio Permanente Medical Group, Inc.,76 Ohio St.3d 483, 485, 1996-Ohio-375, 668 N.E.2d 480; Shumaker v. OliverB. Cannon Sons, Inc. (1986), 28 Ohio St.3d 367, 369, 504 N.E.2d 44. Where the plaintiff establishes causation through the testimony of a properly qualified expert who states his or her opinion in terms of probability, the plaintiff has established a prima facie case. In that situation, a directed verdict is improper. Ramage v. Central Ohio Emer.Serv., Inc. (1992), 64 Ohio St.3d 97, 592 N.E.2d 828, paragraph four of the syllabus; Nichols v. Hanzel (1996), 110 Ohio App.3d 591, 599-602,674 N.E.2d 1237. Erosion of that opinion due to effective cross-examination does not negate that opinion, but only goes to its weight and credibility and creates an issue of fact for the jury. The only exception is if the expert actually recants his or her opinion.Nichols, supra, at 602, 674 N.E.2d 1237.
{¶ 5} In this case, while cross-examination may have weakened the strength of Longbon's expert's testimony, he did not recant his opinion that Tucker's negligence in failing to diagnose and treat Longbon's glaucoma caused her injuries. Reasonable minds could reach different conclusions on the issue of causation, and the jury should have been allowed to decide it. The trial court, therefore, erred in granting Tucker's motion for a directed verdict. Accordingly, we sustain Longbon's assignment of error, reverse the trial court's judgment and remand the case for further proceedings.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.