{¶ 24} I respectfully dissent. It is my opinion that the decision of the panel creates a new cause of action which borders on strict liability, and to do so without legislative action or a Supreme Court holding is inappropriate.
 {¶ 25} In order to have a personal injury case submitted to a jury, the plaintiff must produce some evidence upon every element essential to establish liability, or produce evidence sufficient to establish a reasonable inference that would support each element.Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285. "[A] defendant in an action for negligence can be held to respond in damages only for the immediate and proximate result of the negligent act complained of, and in determining what is direct or proximate cause, the rule requires that the injury sustained shall be the natural and probable consequence of the negligence alleged[.]" Id. at 287. The consequences of a negligent act might and should have been foreseen by the tortfeasor as likely to follow the negligent act alleged. Id. "It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." Mudrich v. Standard OilCo. (1950), 153 Ohio St. 31, 39. The existence of negligence and proximate cause are questions of fact for the jury under proper instructions from the court. Strother, 67 Ohio St.2d at 288.
 "When a plaintiff's evidence furnishes a basis for only guess, surmise or conjecture, among various possibilities, as to essential issues of negligence and proximate cause, he fails to sustain the burden of proof; and it is the duty of a court to enter judgment in favor of the party charged as a matter of law." Tsikouris v. Hawes (Nov. 26, 1980), 9th Dist. No. 3009, at 4, quoting Fitzsimmons v. Loftus (1958), 107 Ohio App. 547.
 {¶ 26} It is well established that a trial court may not give jury instructions where there is no evidence to support an issue. Murphy v.Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. Jury instructions are given if they are correct statements of the law and are applicable to the facts in the case, and reasonable minds can reach the conclusion sought by the instruction. Id. When reviewing jury instructions, the appellate court should determine whether the record contains sufficient evidence to allow a jury to reach the conclusion sought by the instruction. Id.
Further, a reviewing court must assess the totality of the instruction to determine whether it was either harmless or prejudicial. Youngstown Mun.Ry. Co. v. Mikula (1936) 131 Ohio St. 17, paragraph two of the syllabus. An instruction is prejudicial if the jury was misled on a matter materially affecting substantial rights. Becker v. Lake Cty. Mem. Hosp.West (1990), 53 Ohio St.3d 202, 208.
 {¶ 27} Where a jury verdict may be premised on one of two issues, error in jury instructions will be disregarded on one issue where the other could support the verdict, unless it is shown by interrogatory that the verdict is in fact based upon the issue to which the erroneous instruction related. Wagner v. Roche Laboratories (1999),85 Ohio St.3d 457, 460. However, resort to the two-issue rule is not necessary where an instruction should not have been given at all, as prejudice is presumed in that case. Id. at 461.
 {¶ 28} I agree with the trial court that a duty of ordinary care arises when assistance is requested and then rendered. However, once the duty arises, the ordinary elements of negligence apply; that is, there must be an act of negligence alleged and proven subsequent to the request for assistance, and that act of negligence must be shown to be the proximate cause of the injuries suffered. This analysis is consistent with the facts of Drexler.
 {¶ 29} In the pleadings, the only act of negligence alleged was the attempted U-turn. The request for assistance came after the alleged negligence; there was no act of negligence alleged or proven after the request for assistance was answered. That the negligent act was the U-turn creates an issue of proximate cause. I find, therefore, that there was no evidence to support an instruction on an assistance doctrine. Appellees' evidence given at trial furnished "a basis for only guess, surmise or conjecture, among various possibilities, as to essential issues of negligence and proximate cause" and resulted in a failure to sustain the burden of proof on the assistance doctrine as explained to the jury.
 {¶ 30} When an instruction is given when it should not be given at all, then prejudice is presumed. Giving instructions on a theory of recovery not previously pled or argued results in a denial of due process. The defense was ambushed and never given notice or an opportunity to defend against this new theory of law.
 {¶ 31} To further show prejudice, in this case there are interrogatories, and the interrogatories indicate that the assistance doctrine was the theory of law under which the jury granted relief. The jury specifically rejected Appellees' argument that the rescue doctrine permitted recovery.
 {¶ 32} Therefore, I would respectfully find that Searle's case was prejudiced by the jury instruction on a matter materially affecting Searle's substantial rights, and I would reverse the judgment of the Medina County Court of Common Pleas.