JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Don Michael Kirkwood ("appellant"), appeals from the decision of the trial court denying his motion for a directed verdict and submitting the issue of interpretation of the Agency Appointment Agreement ("AAA") to the jury for consideration. Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court.
 I. {¶ 2} Appellant entered into a written AAA in February 1995 with Farmers to work as an insurance agent for them. Appellant was an agent for defendants-appellees, Farmers Insurance of Columbus, Inc., Farmers Insurance Exchange, Fire Insurance Exchange, Truck Insurance Exchange, Mid-Century Insurance Company, and Farmers New World Life Insurance Company (collectively referred to as "Farmers"). The written AAA governed the terms of appellant's employment relationship with Farmers, specifically, section C of the AAA which stated that appellant could be terminated immediately (without 30 days notice) in certain instances.
 {¶ 3} Appellant made changes in his personal automobile policies and made various partial and late payments on his personal policies. In addition, appellant reinstated his personal automobile policy without paying the required 50% premium payment as required by Farmers' written policy. On January 24, 2001, appellant was notified that an audit of appellant's agency was going to be conducted by Farmers and, as a result of said audit, appellant was immediately terminated on February 20, 2001.
 {¶ 4} On March 20, 2001, appellant filed a complaint in common pleas court. On January 16, 2003, the trial court instructed the jury regarding contract law and other issues. The jury unanimously found that appellant failed to prove that Farmers breached the agreement by terminating him. On February 18, 2003, appellant appealed the trial court's denial of his motion for directed verdict and the trial court's submittal of the interpretation of the AAA for the jury's consideration.
 II. {¶ 5} Appellant's sole assignment of error states: "The Trial Court erred as a matter of law in denying Plaintiff-Appellant's Motion for Directed Verdict and Submitting the issue of the interpretation of the Agency Appointment Agreement to the Jury for consideration."
 {¶ 6} A trial court's ruling on a motion for directed verdict will not be reversed on appeal if the evidence adduced at trial and the facts established by admissions in the pleadings and in the record, construedmost strongly in favor of the non-moving party, will only permit reasonable minds to reach a conclusion adverse to that party. See Civ.R. 50(A)(4); Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284. Emphasis added. A directed verdict is appropriate where the party opposing it has failed to adduce any evidence on the essential elements of this claim.Cooper v. Grace Baptist Church (1992), 81 Ohio App.3d 728, 734.
 {¶ 7} In the case sub judice, construing the evidence most strongly in favor of Farmers, the non-moving party, does not result in reasonable minds coming to but one conclusion in favor of the appellant.
 {¶ 8} There is some dispute regarding the evidence as it relates to the portion of the contract covering embezzlement. It is the appellant's position that the terms of the contract are unambiguous and, therefore, the contract construction is a matter of law for the court to decide, not a matter of fact for the jury. Although the contract provision covering embezzlement may be unambiguous, whether or not appellant's actions in this case constitute embezzlement is a factualissue for the jury. The dates, amounts, corporate policies and actions relating to embezzlement in this case are precisely the facts that the jury needs to interpret. In this case, interpretation of the appellant's actions as they relate to the "embezzlement of monies belonging to the companies" is an issue of fact for the fact finder to evaluate. Construing the evidence in Farmers' favor further supports the trial court's denial of appellant's motion for directed verdict.
 {¶ 9} Where a contract is clear and unambiguous, its construction and effect are a matter of law. When there is no dispute as to what the contract is, the construction and effect of the contract are matters for the court. Conversely, if there is a genuine dispute over the meaning ofthe terms of a contract, the construction and effect of the contract area matter for resolution by the trier of fact. Jaworowski v. MedicalRadiation Consultants (1991), 71 Ohio App.3d 320. Emphasis added. There was a dispute over the actions of the appellant as they relate to the meaning of the terms in the contract. The contract dispute in this case involved the appellant's actions as they related to the definition of embezzlement; therefore, we find that the trial court properly put the issue of the AAA before the trier of fact, the jury, in this case.
 {¶ 10} Appellant's assignment of error is overruled. The decision of the trial court is affirmed.
FRANK D. CELEBREZZE, JR., P.J. CONCURS;
 COLLEEN CONWAY COONEY, J. CONCURS IN JUDGMENT ONLY.