{¶ 57} I respectfully concur in judgment only. I write separately because the majority fails to address appellants' argument that the trial court erred in granting Condello's motion for a directed verdict because it improperly weighed the evidence in deciding the motion.
 {¶ 58} "`[I]t is well established that the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion.'" Texler v.D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 679, quoting Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284. Appellants assert that before announcing its decision, the trial judge made a number of comments that indicate that she engaged in an improper weighing of the evidence. For example, the judge stated that she "believe[d] the plaintiffs have proven their case well beyond a preponderance of the evidence." She also noted that Condello had no evident nerve injury before the treatment but was injured after the treatment and then questioned the record keeping at Dr. Raiffe's office, questioned his choice of pain medication for Condello, questioned his decision to prescribe antibiotics for Condello and questioned his candor with Condello. I agree that it appears that the trial court improperly weighed the evidence before granting the motion. Nevertheless, for the reasons stated by the majority, in this case, reasonable minds could only conclude that appellants negligently deviated from the requisite standard of care and, therefore, the trial court properly granted Condello's motion for a directed verdict.
It is ordered that appellee recover of appellants her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.