### TIJERINA

### v.

### BUREAU OF MOTOR VEHICLES.

Court of Claims of Ohio.

No. 97–08338.

Decided July 12, 1999.

*Mark L. Powers,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *John P. Reichley,* Assistant Attorney General, for defendant.

J. WARREN BETTIS, Judge.

In his complaint, plaintiff Jose Luis Tijerina alleges that defendant, Ohio Bureau of Motor Vehicles, negligently suspended his driving privileges and that, as a result of the suspension, he suffered damages, including lost employment opportunities. Defendant has denied liability.

This matter came to trial on the sole issue of liability. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by the parties.

The facts presented at trial were largely undisputed. Defendant notified plaintiff that, effective July 22, 1995, his driver's license was suspended due to a DUI arrest. The suspension was based upon incorrect information that was forwarded to defendant by a member of the Swanton Police Department. The Administrative License Suspension ("ALS") form was completed by Patrolman

Chris Blosser and was intended to report the DUI arrest of another individual who also resided in Fulton County and has the same name as plaintiff. However, the suspension form incorrectly listed plaintiff's Social Security number.

The DUI arrest occurred on July 22, 1995. Patrolman Blosser issued citations to Jose Luis Tijerina that included charges for driving while under the influence of alcohol or drugs and driving with an excessive blood-alcohol content in violation of R.C. 4511.19(A)(1) and (A)(2). The citations correctly list the offender's Social Security number as 266–49–0789, but the ALS forms that were sent to defendant listed plaintiff's Social Security number, which is 449–29–9620. On July 26, 1995, the offender pleaded no contest to the DUI charge. Plaintiff has never been charged with DUI.

■ Plaintiff alleges that his driving privileges were wrongfully suspended for more than ten months due to defendant's negligence. Specifically, plaintiff claims that Patrolman Blosser acted as an employee or agent of defendant. Defendant contends that it acted properly and in good faith in response to information that it received from Patrolman Blosser, an employee of a political subdivision of the state.

On January 11, 1999, plaintiff filed a motion for leave to amend his complaint to add the Ohio State Highway Patrol as a defendant. Plaintiff's January 11, 1999 motion was subsequently overruled.

A preliminary issue that must be addressed is whether Patrolman Blosser acted as an "officer or employee" of the state for purposes of the court's jurisdiction in this matter. R.C. 2743.02(A) provides:

"(2) If a claimant proves in the court of claims that *an officer or employee, as defined in section 109.36 of the Revised Code,* would have personal liability for his acts or omissions but for the fact that the officer or employee has personal immunity under section 9.86 of the Revised Code, the state shall be held liable in the court of claims in any action that is timely filed pursuant to section 2743.16 of the Revised Code and that is based upon the acts or omissions." (Emphasis added.)

R.C. 109.36 states:

"(A)(1) 'Officer or employee' means any of the following:

"(a) A person who, at the time a cause of action against the person arises, is serving in an elected or appointed office or position with the state or is employed by the state.

" * * *

"(2) 'Officer or employee' does not include any person * * * employed by any political subdivision of the state." (Emphasis added.)

R.C. 2743.01(B) provides:

"(B) 'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches."

In specifying what constitutes a state entity for the purposes of this court's jurisdictional provisions, R.C. 2743.01(A) explicitly states: " 'State' does not include political subdivisions."

The Swanton Police Department is an instrumentality of a political subdivision of the state. Patrolman Blosser was acting under the authority of the Swanton Police Department when he made the DUI arrest and completed the ALS form that was forwarded to defendant. Accordingly, the court has no jurisdiction over the actions of Patrolman Blosser that relate to plaintiff's claim.

■■■ Plaintiff also claims that defendant was negligent by failing to cross-reference its records and recognize inconsistent information regarding the administrative license suspension, which plaintiff contends should have put defendant on notice that plaintiff was not the subject of the DUI arrest. In order to recover under this theory of negligence, plaintiff must prove by a preponderance of the evidence that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469–470,

Defendant is typically notified that a driver has been placed under an administrative license suspension for a DUI arrest when an ALS form is submitted by the arresting officer. In this matter, defendant was first notified of the administrative suspension on July 27, 1995. Elizabeth Miller, the administrator of defendant's suspension division, testified that the standard procedure used to verify the driver information on the ALS form is to confirm that the driver's name and Social Security number correspond with defendant's records. Miller further testified that if the name and Social Security number provided on the ALS form match defendant's records, then no further verification is performed. Miller also explained that administrative suspension forms are not routinely cross-referenced with other documents or computer information due to the large volume of license suspensions that are processed by defendant each year. Defendant received an estimated 230,000 to 250,000 ALS forms in 1995.

According to defendant's records, it did not receive the two DUI citations that listed the offender's correct Social Security number. Although defendant did receive information regarding the offender's subsequent conviction, Miller explained that conviction records are not cross-referenced with suspension records

because a license suspension can remain valid even though a DUI arrest does not result in a conviction.

The court finds that defendant acted in good faith when it processed the ALS form that was submitted by Patrolman Blosser. Defendant's procedure for cross-referencing the name and Social Security number is reasonable, given the large number of license suspensions that defendant is required to process.

Plaintiff testified that he received at least one of the notifications of suspension that were mailed by defendant between August 16 and 23, 1995. Each notification lists the offense of DUI and the date of the offense. Plaintiff testified that his wife telephoned defendant after he learned of the suspension but that he did not personally contact defendant's ALS section. Eventually, plaintiff retained his attorney, who informed the Fulton County Court, Eastern District, of the suspension by letter dated May 17, 1996. Plaintiff's license suspension was deleted on May 24, 1996, pursuant to notification from the court.

The court finds that defendant's notification letters provided plaintiff adequate notice of the suspension and that prompt action by plaintiff to correct the error would have either prevented or greatly minimized his claimed damages. Although plaintiff contends that his wife contacted defendant by telephone in an attempt to resolve the matter, defendant's records do not indicate that plaintiff notified the administrative license suspension section concerning the mistake. Defendant concedes that plaintiff may have contacted its general information center. However, the general information center cannot take action on an administrative license suspension. Plaintiff's driving privileges were reinstated within one week after plaintiff's attorney advised the Fulton County Court of the error. Defendant was first notified of the error on May 20, 1996, and plaintiff's driving privileges were reinstated on May 24, 1996.

The court concludes that defendant acted in good faith and reasonably relied on information that was supplied by law enforcement officials. Therefore, based upon the totality of the evidence, the court finds that defendant acted reasonably under all circumstances involving plaintiff.

For the foregoing reasons, the court finds that plaintiff failed to prove by a preponderance of the evidence that defendant was negligent in this matter, and judgment shall be rendered in favor of defendant.

*Judgment for defendant.*

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.