CINCINNATI TRANSIT, INC., APPELLANT, *v.* TAPLEY ET AL.,
D. B. A. MONK'S EXPRESS, APPELLEES.

(No. 11393—Decided April 12, 1971.)

*Messrs. McCaslin, Imbus & McCaslin,* for appellant.
*Mr. Edward J. Utz,* for appellees.

SHANNON, J. This is an appeal upon questions of law from an order of the Hamilton County Municipal Court.

Referring here to the parties as they were below, the plaintiff filed suit against the defendants, Tapley and Monk, to recover damages sustained when a truck driven by Tapley struck a bus owned by plaintiff.

When the case was called for trial, no answers had been filed, but counsel agree that none were necessary under the rule of court then applicable. Neither defendant appeared to testify. After a stipulation of ownership of the bus, damages thereto and venue, evidence was presented by plaintiff establishing that the truck struck the left rear of the stationary bus while attempting to pass it. Plaintiff's operator testified that the truck bore the name "Monk's Express," and that the driver stated his name was Richard Tapley and that he was "employed by Monk's Express." The objection to and motion to strike the reference to employment was overruled.

At the close of plaintiff's case, a motion by counsel for a directed verdict for the defendants was overruled, whereupon he rested without introducing any evidence.

In the narrative bill of exceptions before us it is stated: "The Court thereafter listened to arguments in behalf of the respective parties concerning the issue of the prior objection concerning the statement of Richard Tapley that he was at the time of the accident employed by Monk's Express." Then, the court sustained the defendants' original objection, dismissed Monk on the ground that plaintiff had failed to establish agency and rendered judgment for plaintiff against Tapley. Subsequently, motions for judgment notwithstanding the verdict and for a new trial were overruled and this appeal was taken.

The three assignments of error raise, essentially, the same question: did the trial court err in determining that plaintiff had failed to establish agency?

We are convinced that the resolution of the issue stated is governed by the rationale in *McDougall* v. *Glenn Cartage Co.*, 169 Ohio St. 522.

In limiting the rule announced in *Sobolovitz* v. *Lubric Oil Co.*, 107 Ohio St. 204, the Court said, at page 526 of the opinion in *McDougall*, the following:

"By the decided weight of authority, it is established that, where a commercial vehicle travelling on a highway bears the name of a person, a rebuttable presumption or an inference arises not only that such person owns it but that it is being operated in his business."

The case at bar presents such a case. As the evidence stands, it is uncontroverted that the vehicle driven by Tapley bore the legend "Monk's Express." Tapley's scope of authority, if any, was without doubt an issue to be decided. However, it was not raised by answer, since there was none, and there is nothing contained in the bill of exceptions to demonstrate that agency was denied except for the objection to the admission of Tapley's statement relative to the identity of his employer. While the action of the trial court in reversing its original ruling upon that objection after both plaintiff and defendants had rested placed

plaintiff at a great disadvantage, it did not compel the dismissal of defendant Monk.

The introduction of evidence of the marking upon the truck made a *prima facie* case of liability against defendant Monk. It was incumbent upon him, then, to meet that case and to show, if he could, that he was not responsible for Tapley's negligence. Monk made his choice resting his case without producing any evidence. The rebuttable presumption or inference raised in plaintiff's case was unrebutted and so fully supported plaintiff's claim. If Tapley was on an excursion or a frolic of his own at the time of the collision, as counsel has suggested in argument before us, his apparent master, Monk, had full opportunity to have so proved, but not having availed himself of such, it is too late now to offer rebuttal. By choosing not to present evidence which would be peculiarly his own, Monk invited the consequences.

Because Tapley's negligence and the proximate result thereof has been established, we will do what the trial court should have done. Application of the doctrine of *respondeat superior* compels the rendition of judgment for the plaintiff against defendant Monk.

The order of the Hamilton County Municipal Court dismissing the defendant, Elmer Monk, d. b. a Monk's Express, is reversed and final judgment as prayed for is rendered for plaintiff against said defendant.

*Judgment reversed.*

HESS, P. J., and YOUNG, J., concur.