TUCKER et al., Appellees,

v.

HOMETOWN DISTRIBUTION, INC., Appellant.

[Cite as *Tucker v. Hometown Distribution, Inc.* (1990), 68 Ohio App.3d 699.]

Court of Appeals of Ohio,
Summit County.

No. 14304.

Decided July 25, 1990.

*Orval R. Hoover* and *John M. Herrnstein,* for appellees.

*Robert J. Drexler,* for appellant.

BAIRD, Presiding Judge.

This cause comes before the court upon the appeal of Hometown Distribution, Inc. ("Hometown"), from the jury verdict in the Summit County Court of Common Pleas finding it liable under the doctrine of *respondeat superior* for injuries sustained by plaintiffs in a hit-skip accident on November 6, 1987, and the jury's award of $350,000 in damages.

Plaintiff Edward J. Tucker was on a ladder installing television cable along telephone lines on Vine Street in Akron when a tractor-trailer ran over a telephone pole "guy wire," causing several telephone poles to be pulled downward. The guy wire broke, causing the poles to snap back and throw

Tucker off the ladder. A safety line attachment prevented Tucker from falling to the ground; however, he sustained severe back injuries from being caught and suspended by the safety line.

The driver of the truck did not stop. An eyewitness noted the license plate number and the name "Truckway" on the trailer. The Michigan license plate number was traced to Truckway Leasing, whose records revealed that the trailer was leased to Hometown at the time of the incident. Hometown claimed that it had no units in the Akron area on that day. The driver of the truck was never identified.

### Assignment of Error I

"The lower court committed prejudicial error by issuing instructions to the jury which predicated appellant's liability on its status as a carrier under PUCO and ICC authority."

■ The jury instruction at issue here is a virtual word-for-word statement of the holding of the Supreme Court of Ohio in *Thornberry v. Oyler Bros., Inc.* (1955), 164 Ohio St. 395, 58 O.O. 189, 131 N.E.2d 383:

"Where a common carrier of freight by motor vehicle possesses Public Utilities Commission and Interstate Commerce Commission permits, leases in its operations, from an independent contractor, a vehicle, including the services of a driver, and such vehicle is operated under the carrier's permits, such driver is deemed to be under the direction and control of the carrier, and, under the doctrine of *respondeat superior*, the latter is fully responsible for the actions and conduct of the driver within the scope of the carrier's business." *Id.* at paragraph one of the syllabus.

Appellant claims that this instruction was improper as there was no evidence that the truck involved in the accident was actually carrying Hometown's PUCO and ICC permits at the time of the accident, and that *Thornberry* requires such evidence before its rule applies. We find no merit in this claim.

At trial, Daniel Darter, a representative of Hometown, acknowledged that Hometown operated under PUCO and ICC permits, and that it hired truck owner-drivers to haul freight under authority of these permits. Darter admitted that Hometown was using the particular trailer in question on that day, though claiming emphatically that none of Hometown's vehicles or drivers was in Akron that day. Darter admitted that Hometown's drivers, once dispatched, were not required to follow any particular route to their destinations. He claimed that required trip logs from several of their drivers for that day could not be found.

We find that there was a sufficient *prima facie* showing that the trailer was being operated "under the carrier's permits" to warrant the jury instruction based on the rule of *Thornberry.* We do not find that case to require evidence that a truck was actually carrying or displaying the necessary permits before liability can be found under its rule.

### Assignment of Error II

"The lower court committed prejudicial error by denying appellant's motions for a directed verdict."

"The law in Ohio regarding directed verdicts is well formulated. In addition to Civ.R. 50(A), it is well established that the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion. * * * Thus, 'if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. * * *' " *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 284–285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469.

■ We find no error in the trial court's denial of appellant's motions for directed verdict.

### Assignment of Error III

"The lower court erred to appellant's prejudice by instructing the jury that identifying a vehicle as being leased to appellant was prima facie evidence that the vehicle was in appellant's possession and control."

■ We find no prejudice to appellant in the trial court's instruction to the jury on this point, as the fact of Hometown's control and use of the trailer on the day of the incident was established by its own admission.

### Assignment of Error IV

"The trial court erred to appellant's prejudice by twice instructing the jury that 'it is not necessary that you identify the specific driver of the unit or the specific unit.' "

The record shows that no objection was raised to the inclusion of this jury instruction. Appellant has therefore waived review of this alleged error for appeal.

### Assignment of Error V

"The jury's verdict was against the manifest weight of the evidence."

After weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we conclude that the jury did not lose its way and create a manifest miscarriage of justice such as to warrant reversal of the verdict. See *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717.

## Assignment of Error VI

"The lower court committed prejudicial error by admitting the diagnosis testimony of Dr. Gandee."

Appellant claims reversible error by the trial court in admitting into evidence a bill for chiropractic services rendered by a doctor who did not testify at trial, and which contained that doctor's diagnosis of Tucker's condition. Appellant claims that this allowed the jurors to "choose" between this diagnosis and that of Dr. Buel S. Smith, who began treating Tucker after he abandoned the unsuccessful chiropractic treatments, and whose testimony was presented at trial.

Appellant fails to demonstrate how, as it claims, this evidence led to an excessive judgment in Tucker's favor. Instead, the record shows substantial evidence in the testimony of Tucker and Smith upon which the jury could reasonably determine the damages as it did. If there was any error in the admission of the chiropractor's bill without deletion of the diagnosis, such error was therefore harmless.

Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

Cacioppo and Cirigliano, JJ., concur.