JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Robert Smith and Linda King appeal from a jury verdict entered in favor of defendant-appellee Troyer Potato Products, Inc., d.b.a. Dan-Dee Pretzel Potato Chip Co., in this negligence action arising from a motor vehicle accident. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the motor vehicle accident in issue occurred on August 10, 1993, at approximately 2 to 2:30 p.m. on Bridge Avenue in a construction area between West 57th and 58th Streets in the City of Cleveland, when a motorcycle operated by appellant Smith collided, according to appellants, with a delivery van with "Dan-Dee" on its side panels and owned by appellee. Appellant King was a passenger on the motorcycle. The alleged company van did not stop at the time of the accident and the victims presumed that an employee of defendant-appellee was driving the van. Appellee denied having a company truck in that area at the time of the accident involving Smith's motorcycle.
The original lawsuit (Cuyahoga County Common Pleas Court Case No. 293082) was filed in August of 1995, voluntarily dismissed on December 9, 1996, and then refiled under trial court case number 323505 on January 16, 1997.
The jury trial commenced on April 13, 1998, and concluded with a defense verdict on April 16, 1998. A total of ten witnesses offered testimony. The jury, in answering Interrogatory Number 1, found that plaintiffs' injuries were not caused by an employee of the defendant who was acting within the scope of his/her employment. This timely appeal, which contains a partial transcript of the trial proceedings pursuant to App.R. 9 (B), followed. This partial transcript contained the following: (1) plaintiffs' April 14, 1998 direct examination of John Absher (see R. 4-14); (2) plaintiffs' April 14, 1998 direct examination of Kenneth Waterford (see R. 15-23); (3) plaintiffs' April 14, 1998 direct examination of Beverly Gallardo (see R. 33-42), her cross examination by the defense (see R. 42-46), and her re-direct examination (see R. 46-47); (4) plaintiffs' examination of their witness, Keith Meyers, called as if on cross-examination (see R. 48-70); (5) the motion for directed verdict made by the defense at the close of plaintiffs' case-in-chief, and the argument on that motion (see R. 71-76); (6) the defendant's direct examination of Keith Meyers (see R. 76-89), the plaintiffs' cross-examination of Meyers (see R. 89-95); (7) the renewal of the defendant's motion for directed verdict at the close of its case-in-chief and the argument of that renewed motion (see R. 96-97); (8) the discussion and argument surrounding proposed jury instructions (see R. 97-103); (9) the jury charge delivered by the court (see R. 104-135); (10) the certification page by the court reported (see R. 136).
Five assignments of error are presented for review. The first and second assignments of error will be discussed jointly since they argue the same jury instruction.
I
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO GIVE THE PLAINTIFFS/APPELLANTS' PROFERRED (sic) JURY INSTRUCTION RELATIVE TO COURSE AND SCOPE OF EMPLOYMENT.
II
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GIVING DEFENDANT/APPELLEE'S REQUESTED JURY INSTRUCTION RELATIVE TO COURSE AND SCOPE OF EMPLOYMENT.
Appellants' cause of action against the company sought to hold it liable for the negligent acts of its unknown employee driver under the common law theory of respondeat superior. In order for an employer to be held liable under the doctrine of respondeatsuperior, the tort of the employee must be committed within the scope of employment. Baird v. Sickler (1982), 69 Ohio St.2d 652, 23 O.O.3d 532, 433 N.E.2d 593.
Plaintiffs-appellants' proffered instruction relative to course and scope of employment stated the following:
 Robert Smith and Linda King seek damages from Troyer Potato Products, Inc. for their injuries and damages caused by the unknown operator of a Dan-Dee Potato Chip truck that was owned and used by the defendant in its normal business activity. Troyer Potato Products, Inc. is liable for the injuries and damages caused by its employee while acting within the course and scope of employment. 2 OJI 302.07 § 1
 If you find by the greater weight of the evidence that the accident of August 10, 1993 was caused by a Dan-Dee Potato Chip Truck, then you must conclude that the driver of the Dan-Dee Potato Chip Truck was acting within the course and scope of employment with the defendant, Troyer Potato Products, Inc. 8 Am Jur Trials, Motor Vehicle Collisions — Agency § 24; Tucker v. Hometown Distribution (1990), 68 Ohio App.3d 699; Wyckoff Trucking, Inc. v. Marsh Brother Trucking Service, Inc. (1991), 58 Ohio St.3d 261. 1 OJI 5.13 § 1.
The instruction delivered by the trial court relative to course and scope of employment provided:
 Now, this case requires that I instruct you with regard to an employer's liability for the acts of its employees. The plaintiffs seek damages from the defendant for personal injuries and damage to property caused by an unknown alleged employee of the defendant. An employer is liable for injuries or damages caused by his employee or its employee while acting in the scope of its employment. You will find for the plaintiffs if you find by the greater weight of the evidence that
 (1) The unknown driver was an employee of the defendant, and the action that the plaintiffs claim caused their injuries was done by the unknown employee within the scope of his employment, and the action that the plaintiffs claim caused their injuries violated a duty of care owed by the unknown employee to the plaintiff, and that the action that the plaintiffs claim caused their injuries was, in fact, a proximate cause of the injury.
 On the other hand, you will find for the defendant if the plaintiff failed to prove any of the foregoing elements by the greater weight of the evidence, or if you determine that the evidence is evenly balanced on any one or more of these elements.
 An act is within the employee's scope of employment if it is the kind he is employed to do. It occurs substantially within the authorized limits of time and space of the job, and it is done wholly or in part with an intent to serve the employer. The fact that an employee's act is forbidden by an employer, or is done in a manner that is forbidden by the employer, does not in and of itself relieve the employer of liability. The employee's failure to abide by the employer's orders, instructions, or rule may be considered by you in deciding what the employee, was hired to do.
 An employee is not within the scope of his employment when he clearly and completely departs from the services or job that he was hired to do. When an employee acts solely for his own purposes, or solely for the purposes of a person other than his employer, he does not act within the scope of his employment and the employer is not liable for the employee's acts.
 Not every departure from the service or job that an employee is hired to do takes his act out of the scope of his employment. An employee remains within the scope of his employment if his intent is to do the service or job and the act was at least intended in part for the employer's benefit, even though the employee may have acted in part for his own benefit or purposes or for the benefit or purposes of another; or the employee may have used a roundabout way of performing his service or job; or the employee departed for a time from his service or job.
We conclude that the proffered instruction was not a correct statement of the law and therefore was properly not given to the jury. The proffered instruction on respondeat superior sought to create a strict liability standard for the employer. The central case law cited by appellants in support of the proffered instruction is not analogous to the facts of the case sub judice. Appellants' central authority involves situations involving the regulation of common carrier-lessees and vehicles involved in interstate commerce, which is not at issue in this case. SeeWyckoff Trucking v. Marsh (1991), 58 Ohio St.3d 261, syllabus, andTucker v. Hometown Distribution, Inc. (1990), 68 Ohio App.3d 699. Likewise, the remaining authority cited by appellants lends no support to a strict liability standard; instead, these cases generally espouse that a prima facie demonstration of respondeatsuperior must go to the jury, which is not at issue herein. SeeWhite Oak Coal Co. v. Rivoux (1913), 88 Ohio St. 18; CincinnatiTransit v. Tapley (1971), 28 Ohio App.2d 26; Sudznan v. Wilson (November 29, 1990), Cuyahoga App. Nos. 57586 and 57587, unreported; State v. Solat (January 30, 1997), Franklin App. No. 96APC06-815, unreported.
The first and second assignments of error are overruled.
The third and fourth assignments will be addressed jointly since they both argue the propriety of jury interrogatory number one.
III
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GIVING DEFENDANT/APPELLEE' S REQUESTED INTERROGATORY NUMBER ONE.
IV
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GIVING PLAINTIFF/APPELLANTS' REQUESTED INTERROGATORY "A."
The proffered interrogatory of plaintiffs-appellants provided:
 (A) Do you find that the defendant's delivery truck was involved in the accident with Plaintiffs' motorcycle on August 10, 1993? Circle your answer in ink Yes or No
The interrogatory which was submitted to jury, and answered in the negative by seven of the eight jurors, provided:
 Do you find that the Plaintiffs' injuries were caused by an employee of the Defendant who was acting within the employee's scope of employment (i.e. the employee's work is the kind he is employed to do; it occurs substantially within the authorized limits of time and space of the job; and it is done wholly or in part with an intent to serve the employer)? CIRCLE ONE IN INK: "YES" or "NO"
Whether the defendant's delivery truck was simply "involved" in the accident is of little significance to the determinative issue of whether respondeat superior applies to attach liability for the accident to the company. The interrogatory utilized by the trial court went to the heart of the respondeat superior issue and was entirely consistent with the jury charge on the issue. Since the proposed interrogatory was patently ambiguous and misleading ("involved" is not equivalent to "caused") and not directed to a determinative issue, the trial court did not err in not providing it to the jury. See Civ.R. 49 (B).
The third and fourth assignments of error are overruled.
V
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT GRANTING THE PLAINTIFFS/APPELLANTS' MOTION FOR A DIRECTED VERDICT.
In this assignment, appellants argue that the trial court should have granted its motion for directed verdict on the basis that if a company truck was involved in the accident then the court necessarily had to conclude that the employee-driver of that truck was acting within the scope of his employment for respondeatsuperior purposes. Appellants rely, again, on the inapplicable strict liability authority of Tucker, supra, and Wyckoff, supra,
which they advanced in support of their first and second assignments of error. These two cases are no less applicable with regard to this assignment.
The record provided discloses questions of fact which, when viewed in a light most favorable to the non-moving party pursuant to Civ.R. 50 (A) (4), preclude a directed verdict on the determinative issue of whether the driver of the truck was an employee of defendant and acting in the scope of his employment at the time of the accident.
The fifth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TERRENCE O'DONNELL, P.J. and LEO M. SPELLACY, CONCUR.
 __________________________________ JAMES D. SWEENEY JUDGE