DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted the summary judgment motion of defendant-appellee, Susan E. Moore, and dismissed the complaint of plaintiffs-appellants, Marilyn R. Brown and Ben L. Brown. Appellants now raise the following assignment of error from that judgment:
 "The Lower Court Erred In Granting Appellee Summary Judgment"
The undisputed facts of this case are as follows. On July 17, 1996, at approximately 9:30 a.m., appellant Marilyn Brown was driving east bound in the right lane on Airport Highway in Swanton, Ohio. At the same time, appellee was driving on the same roadway and in the same direction, although in the center lane. Appellee activated her right hand turn signal indicating her intention to move into the right lane and at the same time moved toward the right side of her lane. Immediately thereafter, appellant's car swerved, hit the curb and rolled, coming to rest on its roof. Appellant was injured as a result of the accident.
On January 23, 1997, appellant filed a complaint against appellee which alleged that appellee had merged into appellant's lane of travel causing appellant to steer closer to the curb and subsequently lose control of her vehicle. The complaint further alleged that the accident and appellant's injuries were the direct and proximate result of appellee's failure to yield the right of way to appellant, failure to properly merge lanes, and other negligence in the operation of her motor vehicle. A subsequently filed amended complaint added Ben Brown's claim for loss of consortium.
On April 12, 1999, appellee filed a motion for summary judgment that was supported by the deposition testimony of Marilyn Brown, appellee, and Rhonda Onweller, a passenger in appellee's car at the time of the accident. Appellants responded with a memorandum that was supported by the same deposition testimony and the written statements of appellee and Onweller that were given to the investigating police officer at the time of the accident. On July 11, 1999, the lower court issued an opinion and judgment entry granting appellee's motion for summary judgment and thereby dismissing the action. Specifically, the court held that because there was no evidence that appellee ever left her lane and crossed into Marilyn Brown's lane, appellants had not established a prima facie claim of negligence. Appellants now challenge that ruling before this court.
In their sole assignment of error, appellants assert that the trial court erred in granting appellee summary judgment because reasonable minds could differ as to whether appellee was negligent in her attempt to merge into appellant's lane and as to whether appellee violated R.C. 4511.39.
In reviewing the ruling on a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
In order to establish a claim in negligence, one seeking recovery must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 285. Appellants contend that reasonable minds could differ as to whether appellee crossed the dividing line between the center and curb lanes and therefore breached a duty to drive in a safe manner. Appellants further contend that pursuant to R.C. 4511.39, appellee had a duty to properly initiate a lane change, even if she did not actually cross the dividing line. R.C. 4511.39 reads in relevant part:
 "No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided."
In the proceedings below, the parties relied on the deposition testimony of Marilyn Brown, appellee and Rhonda Onweller, as well as the statements that appellee and Onweller made to the investigating officer in support of their motions. In their depositions, Marilyn Brown, appellee and Onweller each state that appellee never crossed the dividing line between the center and curb lanes. Although appellee admitted that she moved to the right side of the center lane in anticipation of changing lanes, she never left her lane of travel. Given this evidence, we fail to see how appellee breached any duty of care owed to appellants. Although appellants have identified inconsistencies in the witnesses' testimony regarding the events of the accident, none of these inconsistencies are relevant to any material fact or contradict the statements that appellee never changed lanes.
R.C. 4511.39 prohibits moving right or left on a highway without signaling and ascertaining that the move can be done safely. Appellants would have this court hold that that statute applies to any movement within one's lane of travel. This we will not do. In our view, R.C. 4511.39 only applies to situations in which a driver has made an actual turn or change in lanes. In the present case, there is no evidence that appellee made any lane change prior to appellant's accident.
Accordingly, because no genuine issue of material fact remained regarding whether appellee breached a duty of care owed to appellants, the trial court did not err in granting appellee summary judgment and the sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
MELVIN L. RESNICK, J., RICHARD W. KNEPPER, P.J., and MARK L. PIETRYKOWSKI, J., concur.