I respectfully dissent from the majority opinion. The majority opinion concluded that the trial court should have either directed a verdict for the defendant-appellants or granted a judgment notwithstanding the verdict. Because each raises a question of law, the movant must show, although the evidence rests most strongly in the nonmovant's favor, the nonmovant has failed to produce substantial, competent evidence to support its claim. In substance the movant must show that reasonable minds could not differ on the evidence, i.e., that no conflict or dispute exists for a jury to consider. See Strother v. Hutchinson
(1981), 67 Ohio St.2d 282, 423 N.E.2d 467, 469. Ramage v. Cent.Ohio Emergency Serv., Inc. (1992), 64 Ohio St.3d 97, 109,592 N.E.2d 828, 837.
Appellant did not raise the issue of whether the jury lost its way and that the greater amount of credible evidence weighed in its favor.
The Majority in vacating the jury's verdict concludes that appellee Mary Olive offered "no evidence whatsoever to suggest that the hospital's decision to terminate her employment was based on her age." However, the evidence shows that Olive's supervisor gave "inability to adapt to change" as a reason for firing her. I believe that the supervisor's comment constituted evidence that her termination was motivated by her age.
While it is true that ambiguous, isolated, or abstract comments have been held to be insufficient to support an inference of discrimination, it has also been held that age-related comments may indicate discrimination when they are specifically directed to the plaintiff. See Byrnes v. LCI Communication Holdings Co.
(1996), 77 Ohio St.3d 125, 130, 672 N.E.2d 145, 149, certiorari denied (1997), 521 U.S. 1104, 117 S.Ct. 2480, 138 L.Ed.2d 989.Tessmer v. Nationwide Life Ins. (Sept. 30, 1999), Franklin App. No. 98AP-1278, unreported; Potocnik v. Sifco Industries, Inc.
(1995), 103 Ohio App.3d 560, 660 N.E.2d 510, 516, discretionary appeal not allowed (1995), 73 Ohio St.3d 1453, 654 N.E.2d 988.
In this case, Olive's supervisor, Donna Vale, met with the hospital's chief operating officer (Fran Hoerrmann) and the chief executive officer (Sam Turner) in the fall of 1996 in order to discuss Olive's termination. The group opined that several managers would not be able to adapt or to lead their employees through the changes that were necessary in the organization following the Columbia takeover. In addition to Olive, the group discussed two other managers, Gene Andrews and Rosemary Penzek, who had been at the hospital 27 and 23 years respectively. Olive, Andrews, and Penzek were all fired within a few months of one another.
When construed most strongly in her favor, the evidence presented by Olive at trial was sufficient to meet her burden of going forward with evidence that her termination was motivated by her age. The majority opines that "no reasonable person could construe the supervisor's comment that plaintiff could not adapt to change as being indicative of discriminatory intent based on age." I agree that, taken alone, the supervisor's comment is open to various interpretations, but when the evidence is construed most strongly in favor of Olive, coupled with the subsequent termination of Olive and two other older long-term employees, the comment constitutes evidence of discriminatory intent upon which reasonable minds could reach different conclusions.
Although the hospital asserted that Olive was fired for poor interpersonal skills, it is entirely possible that the jurors simply did not believe the hospital's stated reason for firing Olive.
 [T]he factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination and upon such rejection, no additional proof of discrimination is required.
 St. Mary's Honor Center v. Hicks (1993), 509 U.S. 502, 511,113 S.Ct. 2742, 2749, 125 L.Ed.2d 407, 418-419. See, also,Jules-Bryant v. Neoprobe Corp. (June 30, 1999), Franklin App. No. 98AP-924, unreported.
The majority cites St. Mary's for the proposition that, in order to show that the employer's explanation is a pretext for discrimination, a plaintiff must prove not only that the employer's stated reason is not credible but also that discrimination was the real reason for the plaintiff's termination. However, other courts have held that a plaintiff who sets forth a prima facie case need not present further evidence of discrimination.
 "A plaintiff who establishes a prima facie case need not introduce additional evidence of discrimination or retaliation to show pretext." Eperesi v. Northernenvirotest Systems, Inc.,
1999 U.S. App. LEXIS 25186, (6th Cir. 1999), 1999 WL 825034, unreported. (Citation omitted). "Rather, a prima facie case, coupled with disbelief of the employer's proffered reason, will suffice to support a finding of discrimination or retaliation." Id. (Citation omitted). The trial court "should not blindly accept the proffered reason as honest." Id.
Jamison v. American Showa (Dec. 16, 1999), Delaware App. No. 99CAE-03-014, unreported. See also Atkinson v. InternationalTechnegroup, Inc. (1995), 106 Ohio App.3d 349, 360,666 N.E.2d 257, 265, discretionary appeal not allowed (1996)74 Ohio St.3d 1525, 660 N.E.2d 744 ("[R]ejection of the employer's proffered reasons will permit the fact finder to infer the ultimate fact of intentional discrimination.")
The majority opinion concedes that Olive presented a prima facie case of age discrimination. However, it concludes that the hospital was entitled to a directed verdict because Olive produced no direct evidence of discrimination, only circumstantial evidence. However, in Mauzy v. Kelly Services,Inc. (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272 at paragraph one of the syllabus, the Ohio Supreme Court held that direct evidence of discrimination "refers to a method of proof, not a type of evidence." The court further stated that "direct evidence is evidence of any nature such as direct, circumstantial, or statistical evidence of discrimination that establishes that an adverse employment action was more likely than not motivated by discriminatory intent." Id. (Emphasis added.)
The record is clear that Olive presented a prima facie case of age discrimination. She also went forward with evidence, albeit circumstantial, that the hospital's decision to terminate her was motivated by a discriminatory intent. When viewed most strongly in Olive's favor, the evidence was sufficient to allow the case to proceed to the jury. The jury weighed the evidence in reaching its verdict. By vacating the jury's verdict, the majority has improperly substituted its judgment for that of the jury. I would affirm the trial court's decision.