OPINION
{¶ 1} Plaintiff-appellant, Shane Gastrich, appeals from the judgment of the Ohio Court of Claims granting judgment to defendant-appellee, Ohio Department of Transportation ("ODOT"). For the following reasons, we affirm.
{¶ 2} On August 11, 1999, at approximately 6:00 a.m., appellant was traveling northbound on State Route 132 ("SR 132") in Clermont County, Ohio, when he lost control of his motorcycle and crashed into a utility pole on the east side of the roadway. Appellant sustained serious injuries as a result of his accident. Appellant was on his way to work as a laborer for ODOT when the accident occurred. At the time of the accident, it was dark, damp and foggy, and the roadway was wet.
{¶ 3} Appellant's collision with the utility pole occurred on a stretch of SR 132 that ODOT was in the process of lowering to improve sight lines. The day prior to appellant's accident, Dairl Hicks, a member of the ODOT work crew, was cutting into the embankment on the east side of SR 132 with a Bobcat, and then hauling the loosened dirt a short distance north and dumping it into piles on the east side of the road. While hauling the dirt, the Bobcat both spilled and tracked dirt onto the roadway. Consequently, at the end of the workday on August 10, 1999, Mr. Hicks used the loader bucket of the Bobcat to scrape the dirt from the roadway. He and May Peters, another ODOT employee, also swept the roadway with a push broom.
{¶ 4} On October 13, 2000, appellant filed a complaint alleging that ODOT negligently failed to keep the stretch of SR 132 under construction clear of dirt, which created an unreasonably dangerous driving condition. The Ohio Court of Claims conducted a trial on the issue of liability on September 10 and 11, 2001. In its decision, issued April 22, 2002, the trial court concluded that ODOT did not breach its duty of care to maintain the roadways in a reasonably safe condition. The trial court further held that, even if it were to hold that the amount of dirt left on the roadway created a foreseeable and unreasonable risk of harm, appellant's negligence was greater than ODOT's. Therefore, the trial court granted judgment in favor of ODOT. Appellant then appealed.
{¶ 5} On appeal, appellant assigns the following error:
{¶ 6} "The Court of Claims' decision was against the manifest weight of the evidence."
{¶ 7} In reviewing the trial court's determination that ODOT was not negligent, we are guided by the principle that judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus. Further, we must presume that the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. If the evidence is susceptible to more than one interpretation, we must construe it consistently with the trial court's judgment. Cent. Motors Corp. v. Pepper Pike (1995),73 Ohio St.3d 581, 584.
{¶ 8} In order to prove actionable negligence, a plaintiff must prove that ODOT owed that plaintiff a duty, that ODOT breached its duty, and that the breach proximately caused the plaintiff's injuries. Strother v. Hutchinson (1981), 67 Ohio St.2d 282. Although ODOT has a duty to maintain its roadways in a reasonably safe condition for the motoring public, it is not an insurer of the safety of its roadways. Knickel v. Dept. of Transportation (1976), 49 Ohio App.2d 335, 339; Leskovac v. Ohio Dept. of Transp. (1990), 71 Ohio App.3d 22, 26-27.
{¶ 9} The trial court concluded that, based upon the testimony presented at trial, SR 132 was reasonably safe at the time and place of appellant's accident and, thus, ODOT did not breach its duty to appellant. Contrary to the trial court's conclusion, appellant argues that the manifest weight of the evidence presented at trial demonstrated that SR 132 was unreasonably dangerous due to the degree of dirt or mud on the roadway. Appellant first points to the testimony of Officer Steve Souder, who first discovered appellant lying on the east side of SR 132 after appellant's accident. Officer Souder testified that, when he arrived at the accident scene, there was less than an inch of mud on the northbound side of SR 132 that extended from the centerline to approximately four to five inches east of the centerline. (Tr. at 40, 57.)
{¶ 10} Second, appellant points to the testimony of Gary Lee Kiskaden, who passed the scene of appellant's accident around 6:30 a.m. Mr. Kiskaden testified that, as he passed the accident scene, his automobile slid "a little bit" in mud that was "all over" the roadway. (Tr. at 73, 78.) Third, appellant points to the testimony of Rosemary Preston, appellant's mother and a passerby of the accident scene. Ms. Preston testified that she happened upon the accident scene as she was returning from breakfast and observed appellant being loaded into the ambulance. To Ms. Preston, it appeared that there was an inch or more of mud that stretched completely across the northbound side of SR 132. (Tr. at 133.)
{¶ 11} Fourth, appellant points to the photographs taken by Brian Lee Farmer, appellant's brother-in-law, of the stretch of SR 132 where the accident occurred. Mr. Farmer returned to that stretch of SR 132 sometime between 3:00 and 4:00 p.m. on the day of the accident and took three photographs of the roadway. According to the trial court, the photographs show less than an inch of dirt extending from the solid white line on the east side of northbound SR 132 to the middle of the lane.
{¶ 12} Finally, appellant points to the testimony of James Armstrong, a transportation manager for ODOT and the supervisor of the crew working on the SR 132 construction. In part, Mr. Armstrong testified that the roadway should not have been in the condition shown in Mr. Farmer's photographs because the dirt could be hazardous to drivers. (Tr. at 221-222.)
{¶ 13} Although appellant cites to substantial evidence in support of his argument, there is competent, credible evidence that contradicts appellant's evidence and supports the trial court's determination that SR 132 was reasonably safe at the time of appellant's accident. First, although Mr. Armstrong testified that SR 132 should not have been in the condition shown in Mr. Farmer's photographs, Mr. Armstrong also testified that SR 132 was not in that condition on the morning of August 11, 1999. About 7:30 or 7:45 a.m., approximately one to two hours after the accident, Mr. Armstrong inspected the stretch of SR 132 where appellant crashed and found only three or four spots of mud in the size and shape of pancakes, not the line of dirt shown in Mr. Farmer's photographs. (Tr. at 251, 253-254.)
{¶ 14} Second, ODOT witness Barbara Hackney testified that she was a passenger in an automobile that passed the accident scene at approximately 6:20 a.m. Ms. Hackney did not see any mud on SR 132 near the area of appellant's accident. (Tr. at 270-271.) Third, although Officer Souder testified that SR 132 was somewhat muddy in the area where and when appellant crashed, his testimony also establishes that only part of the roadway was muddy.
{¶ 15} In sum, competent, credible evidence supports the trial court's decision that, while there may have been some mud on SR 132 on the morning of August 11, 1999, the quantity and location of mud did not create an unreasonably dangerous condition. In reaching this conclusion, we reject appellant's assertion that Mr. Armstrong's and Ms. Hackney's testimony is not credible because both are employees of ODOT. A trial court, not a court of appeals, is in the best position "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., supra, at 1276. Here, it is apparent that the trial court relied upon Mr. Armstrong's and Ms. Hackney's testimony in reaching its decision and, thus, the court necessarily found the testimony credible. We decline to reweigh the credibility of these witnesses' testimony.
{¶ 16} Because the trial court's determination that ODOT did not breach its duty is supported by competent, credible evidence, appellant's remaining arguments — that the evidence established that the unreasonably dangerous condition of SR 132 proximately caused appellant's accident and that appellant's fault did not exceed ODOT's fault — are moot.
{¶ 17} For the foregoing reasons, we overrule appellant's assignment of error, and affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.