[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} On January 24, 1997, plaintiff-appellant, Ratko Popovich, was driving northbound on State Route 45 ("S.R. 45") in Mahoning County, Ohio. S.R. 45 is a four-lane road with the north and south lanes separated by a double yellow line. Plaintiff-appellant, Roger Rudd, was a front seat passenger in the car. Popovich was driving in the left northbound lane. The road was covered with approximately three to four inches of snow and slush, and it had not been plowed. A snowplow was traveling in the left southbound lane. As the snowplow passed the Popovich vehicle, snow and slush was thrown onto the hood and windshield. Within three to four seconds, Popovich lost control of his vehicle, went left of center and collided with a pickup truck driven by Larry Johnson. Popovich and Rudd were seriously injured.
 {¶ 2} Popovich and Rudd, along with their spouses, filed a complaint in the Ohio Court of Claims against defendant-appellee, the Ohio Department of Transportation ("ODOT"), alleging negligence of the snowplow operator. The Court of Claims held a bifurcated trial on the issue of liability and found that appellants failed to prove that ODOT breached a duty owed them. The court concluded they did not prove that the snow and slush that covered their vehicle was thrown from the snowplow blade, thus, the court found insufficient evidence in the record to establish that ODOT's snow removal work fell below the standard of care owed to appellants.
 {¶ 3} Appellants filed a notice of appeal and raise the following assignments of error:
 {¶ 4} "Plaintiffs-Appellants' Assignment of Error No. 1:
 {¶ 5} "The trial court erred in finding that the snow that covered Plaintiffs' vehicle was thrown from the tires of the snowplow because this finding is contrary to the manifest weight of the evidence presented at trial.
 {¶ 6} "Plaintiffs-Appellants' Assignment of Error No. 2:
 {¶ 7} "The trial court erred in holding that there is insufficient evidence in the record to establish that ODOT's snow removal work fell below the standard of care owed to Plaintiffs because this holding is contrary to the manifest weight of the evidence presented at trial.
 {¶ 8} "Plaintiffs-Appellants' Assignment of Error No. 3:
 {¶ 9} "The trial court erred in deciding that ODOT is not liable to Plaintiffs for the January 24, 1997 crash because this decision is contrary to the manifest weight of the evidence presented at trial."
 {¶ 10} The assignments of error are related and shall be addressed together. Appellants contend that the judgment is against the manifest weight of the evidence. Judgments which are supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus. To prevail upon their claim for negligence, appellants were required to prove by a preponderance of the evidence that appellee owed them a duty of care, that it breached that duty and that the breach proximately caused their injuries. Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285.
 {¶ 11} The first witness to testify at trial was Edward Hartman, who had been employed by ODOT for approximately 23 years and had operated snowplows in Mahoning County for over 20 years. He testified that ODOT has the responsibility to maintain state roads, which includes snow and ice removal. He testified that the snowplow blade has rubber on the top to keep snow inside the blade and, if the blade is angled all the way to the right, there would be no loss of snow at the other end of the blade. He stated that there are no devices on a snowplow blade that would prevent snow from propelling in the opposite direction from that at which the blade is angled. The snowplow operator must be aware of his surroundings, the angle of the blade, the snowplow's speed and the condition of the road in order to clear the road in a safe manner. He testified that it is not the safe operation of a snowplow if a snowplow operator was propelling snow or slush onto oncoming traffic. He also stated that, if the tires were splashing snow and slush, there was nothing the snowplow operator could do to prevent that from happening and still effectively plow the snow. However, he admitted on cross-examination that, if the blade is not angled all the way to the right, there is a possibility that snow can propel off the leading edge and, if the truck speed were too fast and the blade was not angled properly, snow could go to the left.
 {¶ 12} The second witness was Carl Leonhart who worked at General Motors with appellants. He was driving to work on January 24, 1997, and was approximately four to five car lengths behind appellants. He testified that he saw the snowplow traveling southbound attempting to clear the road. When he saw the snowplow, he moved to the right and put on his windshield wipers in anticipation of the snowplow passing him going the opposite direction. Snow and/or slush was sprayed onto the Popovich vehicle, his own vehicle and the vehicles behind him. He testified that, within four to five seconds after being sprayed, the Popovich vehicle lost control and went left of center. Leonhart believed the snow and/or slush came from the left front tire of the snowplow. He did not remember if the snow and slush came from the snowplow blade, but he did know it came from the truck. He also stated that the snow and slush could have come from the back tires, not just the front tire. Leonhart had previously told appellee's attorney that he did not believe the accident was the snowplow operator's fault because the snowplow was driving down the road like any other vehicle and the splashing from the tires was not out of the ordinary. When pressed, he stated that it was possible that the snow and slush came from the snowplow blade, however, he did not think the snowplow was operated at a faster speed than one would normally observe and the snowplow operator stayed in his lane of travel at all times.
 {¶ 13} The next witness was Aaron M. Curry, who was a vocational trainer for the Wyoming Department of Transportation ("WYDOT"). He trains WYDOT operators in the safe operation of their equipment, including for snow removal purposes. Curry has operated snowplows for approximately 22 years and investigated accidents involving snowplows. After reviewing witness statements, the Ohio State Highway Patrol report, documents produced by ODOT including time records and road condition reports, and deposition transcripts, Curry stated that, in his opinion, if the snowplow was propelling slush from the blade left of center of the road as it proceeded southbound, causing the Popovich vehicle to be covered, the snowplow operator was negligent. Based on the speed involved, the angle of the plow and the amount of coverage on the cars, Curry concluded the snow and slush had to come from the snowplow blade so as to create the accident. He believed the cause of the accident was that the snowplow operator allowed snow to propel off of the leading edge of the snowplow and into the oncoming lane, thereby covering the Popovich vehicle. In his opinion, if the snow and/or slush was propelled from the blade of the snowplow, either the angle of the blade or the speed of the vehicle was improper. On cross-examination, however, Curry admitted that he did not know the angle of the blade in this case, the wind direction or the wind speed. He also stated that, because of the higher moisture content, slush requires the snowplow to move at a greater speed.
 {¶ 14} William Larry Johnson works for General Motors and was returning home after work on January 24, 1997. He was traveling southbound and approximately 200 yards behind the snowplow. Popovich's vehicle struck the front of his truck. He did not remember the snowplow propelling snow to the left but he also stated that he could not see that from his position. He testified that the snowplow was always in his lane.
 {¶ 15} The last witness was Robert J. Pallo, Jr., who was employed by ODOT as a safety and health consultant and he drives a snowplow occasionally. He testified that he did the preliminary investigation of the accident for this lawsuit. After reviewing the Ohio State Highway Patrol report and other documentation in this case, he determined that the snowplow operator was performing his job as safely as he could. He stated there would be overspray from the snowplow's tires because of the crowns in the road. If the snowplow was operated correctly, with the blade angled all the way to the right and at a good speed, there was nothing more the snowplow operator could do.
 {¶ 16} The issue in this case was whether the snow and/or slush that was propelled from the snowplow over the Popovich vehicle came from the snowplow blade or from its tires. None of the witnesses in this case testified that the snow and/or slush came from the blade. Although everyone agreed that, if the snow and/or slush had come from the blade, the operator was not operating the snowplow in a safe manner; no one stated that the snow came from the blade. Neither witness to the accident, Leonhart nor Johnson, testified that the snow came from the blade. Leonhart testified that he believed the snow came from the front left tire or even the back tires. Johnson testified that the snowplow was plowing snow to the right and he did not remember the snowplow propelling snow to the left, but he also stated that he could not see that from his position. Appellants have not proven that appellee breached any duty to them because they have not shown by a preponderance of the evidence that the snow and/or slush that covered the vehicle came from the blade of the snowplow rather than the tires. The judgment is supported by some competent, credible evidence going to all the essential elements of the case and is not against the manifest weight of the evidence. Appellants' assignments of error are not well-taken.
 {¶ 17} For the foregoing reasons, appellants' assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
KLATT and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution