OPINION *Page 2 
{¶ 1} This is an appeal from the granting of a directed verdict issued by the Court of Common Pleas of Fairfield County as to an action predicated on an employer's intentional tort and resulting injuries.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Dawn Deal was employed by Appellee C. J. Kraft Enterprises, Inc. on June 17, 2003. Her duties required her to seal cuts of beef in one pound packages, transport these by cart to the floor below her work station and retrieve an empty cart so that these work duties could continue.
 {¶ 3} A means to transport the filled cart was by way of an elevator or "lift" which Appellee had installed. Such lift was supported by a cable and operated by an electric push button. It did not have any safety means to brake in the event of malfunction.
 {¶ 4} A malfunction had occurred tens years earlier.
 {¶ 5} On June 19, 2003, Appellant utilized the lift as instructed. On her third trip, the lift dropped eight feet suddenly as the cable disengaged from its hook.
 {¶ 6} Appellant suffered an injured heel and broken right ankle.
 {¶ 7} After the presentation of Appellant's case to the jury, the trial court sustained Appellee's motion for directed verdict.
 {¶ 8} The Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 9} "I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS/APPELLEES C. J. KRAFT ENTERPRISES' ET AL. MOTION FOR A DIRECTED VERDICT BY RULING THAT REASONABLE MINDS COULD COME TO *Page 3 
BUT ONE CONCLUSION AND THAT CONCLUSION IS APPELLEES DID NOT COMMIT AN INTENTIONAL TORT THAT DIRECTLY AND PROXIMATELY CAUSED INJURY TO PLAINTIFFS/APPELLANTS DAWN DEAL ET AL.
 I. {¶ 10} Civil Rule 50(A)(4) and (E) provide:
 {¶ 11} "(A)(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 12} "* * *"
 {¶ 13} "(E) Statement of basis of decision. When in a jury trial a court directs a verdict or grants judgment without or contrary to the verdict of the jury, the court shall state the basis for its decision in writing prior to or simultaneous with the entry of judgment. Such statement may be dictated into the record or included in the entry of judgment."
 {¶ 14} Additional case law on the standard applicable to a motion for directed verdict was referenced by the Ohio Supreme Court in Estate ofCowling v. Estate of Cowling (2006), 109 Ohio St.3d 276:
 {¶ 15} "The law in Ohio regarding directed verdicts is well formulated. In addition to Civ.R. 50(A), it is well established that the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict *Page 4 
motion. * * * Thus, 'if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. Kellerman v. J.S. Durig Co. (1964), 176 Ohio St. 320
[27 O.O.2d 241, 199 N.E.2d 562] * * *.' Hawkins v. Ivy (1977), 50 Ohio St.2d 114,115 [4 O.O.3d 243, 363 N.E.2d 367].' Strother v. Hutchinson (1981),67 Ohio St.2d 282, 284-285, 21 O.O.3d 177, 423 N.E.2d 467."
 {¶ 16} In order to arrive at a conclusion relative to the trial court's ruling, we must conduct a de novo consideration of the evidence.Gliner v. Saint-Gobain Norton Industrial Ceramics Corporation (2000),89 Ohio St.3d 414.
 {¶ 17} The concept that intentional tort by an employer did not apply to the protective barrier as to negligence provided by Ohio Constitution Article II, Section 35 and Revised Code § 4123.74 was iterated inBlankenship v. Cincinnati Milacron Chemicals, Inc. (1982),69 Ohio St.2d 608 with Van Fossen v. Babock Wilcox Co. (1988), 36 Ohio St.3d 100, being decided thereafter.
 {¶ 18} This was followed by Fyffe v. Jeno's, Inc. (1991),59 Ohio St.3d 115. In clarifying Van Fossen, the Ohio Supreme Court specifically set forth the applicable standards in stating:
 {¶ 19} "5. Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser Keeton on Torts (5 Ed.1984), in order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the *Page 5 
employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. (Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph five of the syllabus, modified as set forth above and explained.)
 {¶ 20} "6. To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk-something short of substantial certainty-is not intent. (Blakenship v. Cincinnati Milacron Chemicals, Inc. (1982),69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572; and Jones v. VIP DevelopmentCo. (1984), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046, explained.)"
 {¶ 21} While it is disputed as to whether the lift in question was an elevator within the definition of R.C. § 4105.01 requiring certain safety standards and subject to State inspection, we need not draw a conclusion in this regard. If the lift was subject to such State laws, the lack of compliance might be concluded to constitute the violation of a *Page 6 
safety statute resulting in negligence per se. However, such degree of negligence does not equate to an intentional tort.
 {¶ 22} "The Ohio Supreme Court has defined the law of negligence per se in Ohio as follows:
 {¶ 23} "'* * * Where a legislative enactment imposes upon any person a specific duty for the protection of others, and his neglect to perform that duty proximately results in injury to such another, he is negligent per se or as a matter of law. * * * Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se; but where there exists a legislative enactment expressing for the safety of others, in general or abstract terms, a rule of conduct, negligence per se has no application and liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case.' See Eisenhuth v.Moneyhon (1954), 161 Ohio St. 367, 119 N.E.2d 440, paragraphs two and three of the syllabus." Alapi v. Colony Roofing, Inc. (June 24, 2004), Ohio App. 8 Dist., Cuyahoga County App. No. 83755.
 {¶ 24} An intentional tort has been defined as "an act committed with the intent to injure another, or committed with the belief that such injury was substantially certain to occur." Hannah v. Dayton Power Light, 82 Ohio St.3d 482, 484, 1998-Ohio-408.
 {¶ 25} The facts in this case as to knowledge of Appellee of a substantial certainty of injury are predicated on the fact that approximately ten years earlier the cable broke causing a similar drop. (T. at 170). *Page 7 
 {¶ 26} However, the lift was used since such time 30-40 times per week. (Tr. at 120).
 {¶ 27} Appellee's argument that Appellant could have used the steps rather than the lift is somewhat misplaced as she was instructed on the use of the lift and had to return with an empty cart. It is appropriate only in reference to the third element of Fyffe v. Jeno's however.
 {¶ 28} Essentially, the deciding issue is that Appellant's evidence fails to meet the second prong of such case as to substantial certainty. Also, while all elevators can obviously injure occupants by a free fall, the history of this lift did not rise to knowledge of a dangerous instrument on the part of Appellee. (The first prong ofJeno's.)
 {¶ 29} Based on the foregoing, reasonable minds could only conclude that Appellant's evidence is insufficient to constitute an intentional tort.
 {¶ 30} We, therefore, conclude that the Assignment of Error is not well taken.
 {¶ 31} The judgment of the Fairfield County Court of Common Pleas is affirmed.
Gwin, P.J. and Edwards, J. concur
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellants.