OPINION
{¶ 1} Appellants, Dewey and Carrie Willoughby, appeal from the June 20, 2008 and August 15, 2008 judgment entries of the Portage County Court of Common Pleas, granting a directed verdict in favor of appellee, James R. Kvasnicka, and denying their motion for new trial. *Page 2 
 {¶ 2} On January 3, 2007, appellants filed a complaint for negligence against appellee and Defendants GEICO and John Doe Nos. 1 and 2.[1]
Appellee filed an answer on January 23, 2007.
 {¶ 3} A jury trial commenced on June 19, 2008.
 {¶ 4} At the trial, the evidence revealed that on January 20, 2006, Appellant Dewey Willoughby was driving his mother's PT Cruiser along Pettibone Road. Appellant Carrie Willoughby was the front-seat passenger, and her mother, Mary Lou Williams, and mother-in-law, Lois Willoughby, were backseat passengers. Appellant Dewey Willoughby was driving behind a mail truck, which was stopping occasionally to deliver mail. Driving behind the PT Cruiser was appellee in his vehicle.
 {¶ 5} According to Appellant Dewey Willoughby, he noticed appellee tailgating him, blowing his horn, and making hand gestures. He stated that he attempted to go around the mail truck, but was unable to do so in a safe manner. Appellant Dewey Willoughby stopped the PT Cruiser in the roadway and exited the car. He testified that he stood in the doorway of the PT Cruiser, pretty close to the car frame, with his arm extended past the vehicle door. Appellant Dewey Willoughby testified that appellee revved his motor, put his vehicle into reverse, sped backwards, and took off, spinning his tires and heading toward him, coming extremely close to hitting his vehicle. The evidence is undisputed that as appellee's car passed, Appellant Dewey Willoughby extended his arm, causing the hand of his outstretched arm to be hit and his body to be *Page 3 
thrown back into the car frame. No part of appellee's vehicle ever struck the PT Cruiser. Appellant Dewey Willoughby's hand came in contact with the rear passenger window of appellee's car. His hand immediately began to swell, ultimately causing medical treatment, permanent injuries, and work restrictions.
 {¶ 6} The other occupants of the PT Cruiser testified to generally the same sequence of events as Appellant Dewey Willoughby.
 {¶ 7} According to appellee, as he was passing the PT Cruiser, he observed Appellant Dewey Willoughby get out of the vehicle and place his right hand on top of the door, while holding an object in his left hand. Appellant Dewey Willoughby then hollered at appellee. Although Appellant Dewey Willoughby stopped his vehicle, appellee continued to drive to avoid confrontation. Appellee further testified that while he was unsure of his vehicle's proximity to the PT Cruiser, he always remained in his lane of travel.
 {¶ 8} At the close of appellants' case, appellee made a motion for a directed verdict. In its June 20, 2008 judgment entry, the trial court granted appellee's motion for a directed verdict.
 {¶ 9} On July 3, 2008, appellants filed a motion for new trial pursuant to Civ. R. 59. Appellee filed a memorandum in opposition on July 15, 2008. In its August 15, 2008 judgment entry, the trial court denied appellants' motion for new trial.
 {¶ 10} It is from the foregoing June 20, 2008 and August 15, 2008 judgment entries that appellants filed a timely notice of appeal and assert the following assignments of error for our review: *Page 4 
 {¶ 11} "[1.] The trial court erred in granting [appellee's] motion for directed verdict because material issues of fact existed regarding [appellants'] negligence claim.
 {¶ 12} "[2.] The trial court erred in denying [appellants'] motion for new trial because granting directed verdict was not supported by the weight of the evidence."
 {¶ 13} In their first assignment of error, appellants argue that the trial court erred in granting appellee's motion for a directed verdict because material issues of fact existed regarding their negligence claim. We disagree.
 {¶ 14} This court stated in Masek v. Gehring, 11th Dist. No. 2004-G-2569, 2005-Ohio-3900, at ¶ 21:
 {¶ 15} "[A] motion for a directed verdict presents a question of law that an appellate court reviews de novo. Nichols v. Hanzel (1996), 110 Ohio App.3d 591, 599 * * *. When a party makes a motion for directed verdict pursuant to Civ. R. 50(A)(4), a judge must construe the evidence most strongly in favor of the party against whom the motion has been made. A motion for a directed verdict tests the legal sufficiency of the evidence to support a prima facie claim and, thus, presents a question of law. Grau v. Kleinschmidt (1987), 31 Ohio St.3d 84, 90 * * *. In deciding a motion for a directed verdict, neither the weight of the evidence nor the credibility of the witnesses is to be reviewed.Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284 * * *. A trial judge can direct a verdict in favor of the moving party only after expressly finding `that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted (by the nonmoving party) and that conclusion is adverse to the (nonmoving party) (* * *).' Civ. R. 50(A)(4). If there is substantial, competent evidence favoring the nonmoving party, so that reasonable minds might reach different *Page 5 
conclusions, the motion must be denied. Ramage v. Cent. Ohio EmergencyServ., Inc. (1992), 64 Ohio St.3d 97, 109 * * *." (Parallel citations omitted.)
 {¶ 16} To grant a directed verdict in a negligence action, under Ohio's comparative negligence laws, a trial court must determine whether reasonable minds could come to only one conclusion, i.e. that the claimant contributed more than 50 percent of the negligence involved in the accident so that he is not entitled to judgment. See Texler v. D.O.Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680.
 {¶ 17} In the case at bar, the trial judge, after the conclusion of all of the testimony, granted appellee's motion for directed verdict. After reviewing the record, we agree with the trial judge that, construing the evidence most strongly in favor of appellants, reasonable minds could only find for appellee on the negligence claim.
 {¶ 18} In establishing a claim for negligence, liability attaches only when it is established there is a duty, a breach of duty, and damages that occur as a direct and proximate result of the breach of duty.Wike v. Giant Eagle, Inc., 11th Dist. No. 2002-P-0049, 2003-Ohio-4034, at ¶ 14, quoting Kornowski v. Chester Properties, Inc. (June 30, 2000), 11th Dist. No. 99-G-2221, 2000 Ohio App. LEXIS 3001, at *7.
 {¶ 19} After a reading of the transcript of testimony, it is clear even from the testimony of Appellant Dewey Willoughby that appellee did not violate a duty of care. Appellee did not leave his lane of travel when he passed Appellant Dewey Willoughby's vehicle. If Appellant Dewey Willoughby's testimony is to be believed completely, he inexplicably reached out as appellee's car was going by, causing his hand to come in contact with appellee's vehicle. Even if this inexplicable conduct could have been *Page 6 
reasonably foreseen by appellee, it was Appellant Dewey Willoughby's actions, not appellee's driving, that caused the injury.
 {¶ 20} We determine that there was not sufficient evidence to support appellants' negligence claim so that reasonable minds might reach different conclusions on this issue. Consequently, appellants' first assignment of error is without merit.
 {¶ 21} Under the second assignment of error, appellants maintain the trial court erred in denying their Civ. R. 59 motion for a new trial. Civ. R. 59 sets forth the reasons why a trial court may grant a new trial:
 {¶ 22} "(A) Grounds
 {¶ 23} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 24} "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
 {¶ 25} "(2) Misconduct of the jury or prevailing party;
 {¶ 26} "(3) Accident or surprise which ordinary prudence could not have guarded against;
 {¶ 27} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 {¶ 28} "(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property; *Page 7 
 {¶ 29} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
 {¶ 30} "(7) The judgment is contrary to law;
 {¶ 31} "(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 {¶ 32} "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.
 {¶ 33} "In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."
 {¶ 34} This court will review a trial court's ruling on a new trial motion under an abuse of discretion standard. See, e.g., Mannion v.Sandel (2001), 91 Ohio St.3d 318, 321. (Citation omitted.) "The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. (Citations omitted.)
 {¶ 35} In their brief, appellants maintain they were entitled to a new trial pursuant to Civ. R. 59(A)(1), (6), (7), and (9); however, appellants have failed to support the "contentions * * * with citations to the authorities, statutes, and parts of the record on which [they] rel[y]." App. R. 16(A)(7). Instead, in order to support the second assignment of error, appellants merely reiterate the argument propounded under the first assignment of error, to wit: that evidence was presented that appellee was negligent in causing the accident. However, as stated, it was Appellant Dewey *Page 8 
Willoughby's actions, not appellee's driving, that caused the injury. Accordingly, this assignment of error is without merit.
 {¶ 36} For the foregoing reasons, appellants' first and second assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.
[1] Carrie Willoughby, Dewey Willoughby's wife, asserted a loss of consortium claim. Appellants brought an uninsured/underinsured ("UIM") motorist claim and a medical payment claim against GEICO, their insurance company. However, on May 31, 2007, appellants voluntarily dismissed their UIM claim against GEICO. On May 16, 2008, appellants dismissed their complaint against GEICO. Although named as defendants in the complaint, GEICO and John Doe Nos. 1 and 2 are not named parties to the instant appeal.